Case No. 25-10703

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### AMERICAN AIRLINES, INCORPORATED,

Plaintiff – Appellant/Cross-Appellee,

v.

### SKIPLAGGED, INC.,

Defendant – Appellee/Cross-Appellant.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

## RECORD EXCERPTS

Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
**Greenberg Traurig LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590

**ATTORNEYS FOR APPELLANT AMERICAN AIRLINES, INC.**

# TABLE OF CONTENTS

1.    District Court Docket Sheet [ROA.1-39].

2.    Amended Notice of Appeal [ROA.8633-8635].

3.    Jury Charge [ROA.7975-8006].

4.    Memorandum Opinion and Order [ROA.3819-3829].

5.    Memorandum Opinion and Order [ROA.8544-8550].

6.    Final Judgment [ROA.8631].

7.    Jury Note [ROA.8007].

8.    Survey of Circuit Authorities [ROA.8197-201].

Respectfully submitted,

*/s/ Caitlyn E. Hubbard*

Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
**Greenberg Traurig LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590

**ATTORNEYS FOR APPELLANT
AMERICAN AIRLINES, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of November, 2025, an electronic copy of the foregoing record excerpts were filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system to all counsel of record.

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard

Tab 1

APPEAL,CLOSED,EXH-ADM,JURY

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00860-P

American Airlines, Inc. v. Skiplagged, Inc.

Assigned to: Judge Mark Pittman

Case in other court:  United States Court of Appeals 5th Circuit, 25-10703

Cause: 15:1114 Trademark Infringement

Date Filed: 08/17/2023
Date Terminated: 06/16/2025
Jury Demand: Defendant
Nature of Suit: 840 Property Rights: Trademark
Jurisdiction: Federal Question

**Plaintiff**

**American Airlines Inc**                    represented by    **Dee J Kelly , Jr**
Kelly Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, TX 76102-3194
817-332-2500
Fax: 817-878-9280
Email: dee.kelly@khh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bina B Palnitkar**
Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
214-665-3727
Fax: 214-665-5947
Email: palnitkarb@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Caitlyn Elizabeth Hubbard**
Kelly Hart & Hallman
201 Main Street
Suite 2500
Fort Worth, TX 76102
817-332-2500
Fax: 817-878-9280
Email: caitlyn.hubbard@kellyhart.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Cameron Nelson**
Greenberg Traurig, LLP
360 North Green Street
Suite 1300

<span style="color:red">25-10703.1</span>

Chicago, IL 60607
312-456-8400
Email: nelsonc@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**J Austin Franklin**
Kelly Hart & Hallman LLP
201 Main St
Suite 2500
Fort Worth, TX 76102
817-332-2500
Fax: 817-878-9837
Email: austin.franklin@kellyhart.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Julia Grace Wisenberg**
Kelly Hart & Hallman LLP
201 Main St.
Suite 2500
Fort Worth, TX 76102
817-878-3520
Email: julia.wisenberg@kellyhart.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lars L Berg**
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102-3194
817-878-3524
Fax: 817-878-9280
Email: lars.berg@kellyhart.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Nathan James Muyskens**
Greenberg Traurig LLP
2101 L Street NW
Suite 1000
Washington, DC 20037
202-331-3164
Email: muyskensn@gtlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**R Paul Yetter**
Yetter Coleman LLP
811 Main Street
Suite 4100
Houston, TX 77002
713-632-8000

Fax: 713-632-8002
Email: pyetter@yettercoleman.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Tyler P. Young**
Yetter Coleman LLP
811 Main Street
Suite 4100
Houston, TX 77002
713-632-8000
Email: tyoung@yettercoleman.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Tyson Mark Lies**
Kelly Hart & Hallman LLP
201 Main Street
Suite 2500
Fort Worth, TX 76102
817-878-3534
Fax: 817-878-9280
Email: liest@sec.gov
*TERMINATED: 10/26/2023*
*Bar Status: Admitted/In Good Standing*

V.

**<u>Defendant</u>**

**Skiplagged, Inc.**                    represented by    **William L Kirkman**
Kirkman Law Firm, PLLC
201 Main St
Suite 1160
Fort Worth, TX 76102
817/336-2800
Fax: 817/877-1863 FAX
Email: billk@kirkmanlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Aaron Z Tobin**
Condon Tobin Sladek Thornton Nerenberg
PLLC
8080 Park Ln Ste 700
Dallas, TX 75231
214-265-3800
Fax: 214-691-6311
Email: atobin@condontobin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Abigail R.S. Campbell**
Condon Tobin Sladek Thornton Nerenberg,
PLLC
8080 Park Lane, Suite 700
Dallas, TX 75231
2142653800
Fax: 2146916311
Email: acampbell@condontobin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Darin M Klemchuk**
Klemchuk PLLC
8150 North Central Expressway
10th Floor
Dallas, TX 75206
214-367-6000
Email: darin.klemchuk@klemchuk.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kendal B Reed**
Condon Tobin Sladek Thornton Nerenberg,
PLLC
8080 Park Lane, Suite 700
Dallas, TX 75231
214-691-6300
Fax: 214-691-6311
Email: kreed@condontobin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Preston Sawyer**
Kirkman Law Firm PLLC
201 Main Street
Suite 1160
Fort Worth, TX 76102
817-336-2800
Fax: 817-877-1863
Email: prestons@kirkmanlawfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mediator**

**ADR Provider**                     represented by     **R H Wallace , Jr**
1004 Anson Drive
Keller, TX 76248
817-884-1450
Email: rhwallace1009@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2023 | 1 (p.40) | COMPLAINT against American Airlines filed by American Airlines. (Filing fee $402; Receipt number ATXNDC-13963746) Summons(es) not requested at this time. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.40) Cover Sheet) (Kelly, Dee) (Entered: 08/17/2023) |
| 08/17/2023 | 2 (p.79) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by American Airlines. (Clerk QC note: Affiliate entry indicated). (Kelly, Dee) (Entered: 08/17/2023) |
| 08/17/2023 | 3 (p.81) | Request for Clerk to issue Summons filed by American Airlines. (Kelly, Dee) (Entered: 08/17/2023) |
| 08/17/2023 | 4 (p.83) | Request for Clerk to issue Summons filed by American Airlines. (Kelly, Dee) (Entered: 08/17/2023) |
| 08/17/2023 | 5 (p.85) | New Case Notes: A filing fee has been paid. File to: Judge Pittman. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (sre) (Entered: 08/17/2023) |
| 08/17/2023 | 6 (p.87) | Report to Patent/Trademark Office of Initiating Document. Form AO 120 e-mailed to notice_of_suit@uspto.gov. (sre) (Entered: 08/17/2023) |
| 08/17/2023 | 7 (p.88) | Report to Copyright Office of Initiating Document. Form AO 121 e-mailed to 508filings@loc.gov. (sre) (Entered: 08/17/2023) |
| 08/17/2023 | 8 (p.89) | AMENDED COMPLAINT against American Airlines, Inc. filed by American Airlines, Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Kelly, Dee) (Entered: 08/17/2023) |
| 08/17/2023 | 9 (p.126) | Summons Issued as to Skiplagged, Inc. (Summons generated on summons generator per phone call with attorney's office). (sre) (Entered: 08/17/2023) |
| 08/24/2023 | 10 (p.128) | ORDER: Upon further review of the record in this case, the Court notes that one of Plaintiff's counsel Nathan James Muyskens of Greenburg Traurig, LLP is not admitted to practice before this Court. If he wishes to remain as counsel for Plaintiff, the Court hereby ORDERS Nathan James Muyskens to apply for admission pro hac vice on or before August 31, 2023. (Ordered by Judge Mark Pittman on 8/24/2023) (sre) (Entered: 08/24/2023) |

| 08/31/2023 | 11 (p.129) | SUMMONS Returned Executed as to Skiplagged, Inc. ; served on 8/18/2023. (Wisenberg, Julia) (Entered: 08/31/2023) |
|---|---|---|
| 09/05/2023 | 12 (p.131) | ORDER: Proposed Scheduling Order due by 9/26/2023. (Ordered by Judge Mark Pittman on 9/5/2023) (sre) (Entered: 09/05/2023) |
| 09/11/2023 | 13 (p.136) | Request for Clerk to issue Default Against Defendant Skiplagged, Inc. filed by American Airlines, Inc.. (Wisenberg, Julia) (Clerk's Entry of Default not issued per Chambers). Modified on 9/15/2023 (sre). (Entered: 09/11/2023) |
| 09/11/2023 | 14 (p.138) | NOTICE of Attorney Appearance by William L Kirkman on behalf of Skiplagged, Inc.. (Filer confirms contact info in ECF is current.) (Kirkman, William) (Entered: 09/11/2023) |
| 09/12/2023 | 15 (p.144) | NOTICE of *Agreement for Two-Week Extension of Time and Request for Order Approving Same* filed by Skiplagged, Inc. (Kirkman, William) (Entered: 09/12/2023) |
| 09/15/2023 | 16 | ELECTRONIC ORDER: Parties' agreed request for Defendant's extension of time to file answer (ECF No. 15) is GRANTED. Defendant's Answer due on or before 9/25/2023. (Ordered by Judge Mark Pittman on 9/15/2023) (ads) (Entered: 09/15/2023) |
| 09/20/2023 | 17 (p.151) | NOTICE of *Agreement for Additional Week's Extension of Time and Request for Order Approving Same* filed by Skiplagged, Inc. (Kirkman, William) (Entered: 09/20/2023) |
| 09/20/2023 | 18 | ELECTRONIC ORDER: Parties' Joint Notice of Agreement to extend deadline to answer is APPROVED. Defendant's Answer due by 10/2/2023. (Ordered by Judge Mark Pittman on 9/20/2023) (ads) (Entered: 09/20/2023) |
| 09/26/2023 | 19 (p.163) | Joint STATUS REPORT *Regarding Contents of Scheduling Order* filed by American Airlines, Inc.. (Berg, Lars) (Entered: 09/26/2023) |
| 09/27/2023 | 20 (p.172) | SCHEDULING ORDER: Trial set for 9/30/2024 in US Courthouse, Courtroom 4th Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Mark Pittman., Joinder of Parties due by 11/27/2023., Amended Pleadings due by 11/27/2023., Deadline for mediation is on or before 4/3/2024., Discovery due by 5/3/2024., Motions due by 6/3/2024., Pretrial Order due by 9/5/2024.), ADR Provider, mediator R.H. Wallace, Jr. added. (Ordered by Judge Mark Pittman on 9/27/2023) (sre) (Entered: 09/27/2023) |
| 10/02/2023 | 21 (p.184) | MOTION to Dismiss for Lack of Jurisdiction *and Alternative Request*, MOTION to Transfer Case out of District/Division () filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Kirkman, William) (Entered: 10/02/2023) |
| 10/02/2023 | 22 (p.214) | Appendix in Support filed by Skiplagged, Inc. re 21 (p.184) MOTION to Dismiss for Lack of Jurisdiction *and Alternative Request* MOTION to Transfer Case out of District/Division (Kirkman, William) (Entered: 10/02/2023) |
| 10/11/2023 | 23 (p.273) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Skiplagged, Inc.. (Clerk QC note: No affiliate entered in ECF). (Kirkman, William) (Entered: 10/11/2023) |
| 10/16/2023 | 24 (p.275) | MOTION to Extend Time to Respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Request for Expedited Consideration filed by American Airlines, Inc. with Brief/Memorandum in Support. (Kelly, Dee) |

| | | (Entered: 10/16/2023) |
|---|---|---|
| 10/16/2023 | 25 (p.287) | Appendix in Support filed by American Airlines, Inc. re 24 (p.275) MOTION to Extend Time to Respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Request for Expedited Consideration (Kelly, Dee) (Entered: 10/16/2023) |
| 10/17/2023 | 26 | ELECTRONIC ORDER granting 24 (p.275) Motion to Extend Time. Plaintiff's response to Defendant's motion to dismiss for lack of personal jurisdiction due 12/15/2023. (Ordered by Judge Mark Pittman on 10/17/2023) (ads) (Entered: 10/17/2023) |
| 10/26/2023 | 27 (p.326) | Unopposed MOTION to Withdraw *Tyson Lies as Counsel of Record* filed by American Airlines, Inc. (Wisenberg, Julia) (Entered: 10/26/2023) |
| 10/26/2023 | 28 | ELECTRONIC ORDER granting 27 (p.326) Motion to Withdraw. The Clerk is INSTRUCTED to remove Attorney Tyson Lies as counsel of record in this matter. (Ordered by Judge Mark Pittman on 10/26/2023) (ads) (Entered: 10/26/2023) |
| 11/08/2023 | 29 (p.328) | MOTION for Protective Order *as to Discovery from Plaintiff* (), MOTION to Stay *Merits-Based Discovery Pending Court's Ruling on Motion to Dismiss* filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Kirkman, William) (Entered: 11/08/2023) |
| 11/08/2023 | 30 (p.350) | Appendix in Support filed by Skiplagged, Inc. re 29 (p.328) MOTION for Protective Order *as to Discovery from Plaintiff* MOTION to Stay *Merits-Based Discovery Pending Court's Ruling on Motion to Dismiss* (Kirkman, William) (Entered: 11/08/2023) |
| 11/13/2023 | 31 (p.555) | ORDER: Defendant's Motion (ECF No. 29 (p.328) ) is DENIED. (Ordered by Judge Mark Pittman on 11/13/2023) (bdb) (Entered: 11/13/2023) |
| 11/21/2023 | 32 (p.556) | Unopposed MOTION to Extend Time of Deadlines filed by American Airlines, Inc. (Wisenberg, Julia) (Entered: 11/21/2023) |
| 11/24/2023 | 33 (p.562) | MOTION for Extension of Time to File Response/Reply to 21 (p.184) MOTION to Dismiss for Lack of Jurisdiction *and Alternative Request* MOTION to Transfer Case out of District/Division filed by Skiplagged, Inc. (Kirkman, William) (Entered: 11/24/2023) |
| 11/27/2023 | 34 | ELECTRONIC ORDER granting 32 (p.556) Motion to Extend Time. Amended Pleadings due by 12/29/2023. Joinder of Parties due by 12/29/2023. (Ordered by Judge Mark Pittman on 11/27/2023) (ads) (Entered: 11/27/2023) |
| 11/27/2023 | 35 | ELECTRONIC ORDER granting 33 (p.562) Motion to Extend Time to File Response/Reply. Plaintiff's Response to Defendant's Motion to Dismiss due 1/3/2024. (Ordered by Judge Mark Pittman on 11/27/2023) (ads) (Entered: 11/27/2023) |
| 12/01/2023 | 36 (p.565) | NOTICE of Attorney Appearance by Aaron Z Tobin on behalf of Skiplagged, Inc.. (Filer confirms contact info in ECF is current.) (Tobin, Aaron) (Entered: 12/01/2023) |
| 12/01/2023 | 37 (p.567) | NOTICE of Attorney Appearance by Kendal B Reed on behalf of Skiplagged, Inc.. (Filer confirms contact info in ECF is current.) (Reed, Kendal) (Entered: 12/01/2023) |

| 12/08/2023 | 38 (p.569) | MOTION to Compel filed by American Airlines, Inc. (Kelly, Dee) (Entered: 12/08/2023) |
|---|---|---|
| 12/08/2023 | 39 (p.572) | Brief/Memorandum in Support filed by American Airlines, Inc. re 38 (p.569) MOTION to Compel (Kelly, Dee) (Entered: 12/08/2023) |
| 12/08/2023 | 40 (p.584) | Appendix in Support filed by American Airlines, Inc. re 38 (p.569) MOTION to Compel , 39 (p.572) Brief/Memorandum in Support of Motion (Attachments: # 1 (p.40) Exhibit(s)) (Kelly, Dee) (Entered: 12/08/2023) |
| 12/11/2023 | 41 (p.711) | ORDER: Before the Court is Plaintiff's Motion to Compel (ECF No. 38 (p.569) ). After reviewing the Motion, the record, and applicable law, the Court concludes that the Motion is hereby REFERRED to United States Magistrate Judge Hal R. Ray for consideration. It is therefore ORDERED that Defendants' Motion (ECF No. 38) is hereby referred to United States Magistrate Judge Hal Ray for determination as authorized by 28 U.S.C. § 636(b)(1)(A). (Ordered by Judge Mark Pittman on 12/11/2023) (sre) (Entered: 12/11/2023) |
| 12/11/2023 | 42 (p.712) | ORDER: Responses due by 12/15/2023. Status Report due by 12/15/2023. Motion Hearing set for 12/19/2023 at 09:00 AM in US Courthouse, Courtroom 508, 501 W. 10th St., Fort Worth, TX 76102-3673 before Magistrate Judge Hal R. Ray Jr. (Ordered by Magistrate Judge Hal R. Ray, Jr on 12/11/2023) (sre) (Entered: 12/11/2023) |
| 12/14/2023 | 43 (p.714) | NOTICE of Attorney Appearance by Abigail Ruth Storm Campbell on behalf of Skiplagged, Inc.. (Filer confirms contact info in ECF is current.) (Campbell, Abigail) (Entered: 12/14/2023) |
| 12/15/2023 | 44 (p.716) | MOTION for Protective Order *Addressing Confidentiality of Certain Documents and Brief in Support* filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Kirkman, William) (Entered: 12/15/2023) |
| 12/15/2023 | 45 (p.725) | Appendix in Support filed by Skiplagged, Inc. re 44 (p.716) MOTION for Protective Order *Addressing Confidentiality of Certain Documents and Brief in Support* (Kirkman, William) (Entered: 12/15/2023) |
| 12/15/2023 | 46 (p.766) | Joint STATUS REPORT filed by American Airlines, Inc.. (Kelly, Dee) (Entered: 12/15/2023) |
| 12/15/2023 | 47 (p.771) | RESPONSE filed by Skiplagged, Inc. re: 38 (p.569) MOTION to Compel (Campbell, Abigail) (Entered: 12/15/2023) |
| 12/15/2023 | 48 (p.799) | Appendix in Support filed by Skiplagged, Inc. re 47 (p.771) Response/Objection (Attachments: # 1 (p.40) Exhibit(s)) (Campbell, Abigail) (Entered: 12/15/2023) |
| 12/18/2023 | 49 (p.1011) | ORDER : Having considered the Motion and applicable law, the Court DENIES the Motion (ECF No. 44 (p.716) ). (Ordered by Judge Mark Pittman on 12/18/2023) (sre) (Entered: 12/18/2023) |
| 12/18/2023 | 50 (p.1013) | Supplemental Document by Skiplagged, Inc. as to 47 (p.771) Response/Objection *in Opposition to Plaintiff's Motion to Compel*. (Kirkman, William) (Entered: 12/18/2023) |
| 12/19/2023 | 51 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Hal R. Ray, Jr: Motion Hearing held on 12/19/2023 re 38 (p.569) Motion to Compel filed by American Airlines, Inc.; Hearing Concluded. Order to follow. Attorney Appearances: Plaintiff - Dee Kelly, Jr., Lars L Berg, Julia Grace Wisenberg; |

| | | Defense - William L Kirkman, Kendal Reed, Preston Sawyer, Abigail Ruth Storm Campbell. (Court Reporter: Digital File) (No exhibits) Time in Court - 1:31. (mcrd) (Entered: 12/19/2023) |
|---|---|---|
| 12/19/2023 | 52 (p.1046) | ORDER: Defendant's 21 (p.184) Motion to Dismiss for lack of personal jurisdiction is DENIED. Defendant's 21 (p.184) alternative request to transfer this case is DENIED. (Ordered by Judge Mark Pittman on 12/19/2023) (bdb) (Entered: 12/19/2023) |
| 12/19/2023 | 53 (p.1049) | ORDER: The Court GRANTS in part and DENIES in part the Motion (ECF No. 38 (p.569) ). (See Order for Specifics) (Ordered by Magistrate Judge Hal R. Ray, Jr on 12/19/2023) (bdb) (Entered: 12/19/2023) |
| 12/21/2023 | 54 (p.1053) | Agreed Motion for Extension of Time to File Answer filed by Skiplagged, Inc. (Kirkman, William) (Entered: 12/21/2023) |
| 12/22/2023 | 55 | ELECTRONIC ORDER granting 54 (p.1053) Motion for Extension of Time. Defendant's Answer DUE 01/05/2024. (Ordered by Judge Mark Pittman on 12/22/2023) (ads) (Entered: 12/22/2023) |
| 01/05/2024 | 56 (p.1056) | ANSWER to 1 (p.40) Complaint,,,, with Jury Demand filed by Skiplagged, Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (Kirkman, William) (Entered: 01/05/2024) |
| 01/10/2024 | 57 (p.1079) | STATUS REPORT *Regarding Discovery Production* filed by Skiplagged, Inc.. (Kirkman, William) (Entered: 01/10/2024) |
| 01/10/2024 | 58 (p.1082) | STATUS REPORT *Corrective Notice* filed by Skiplagged, Inc.. (Kirkman, William) (Entered: 01/10/2024) |
| 01/12/2024 | 59 (p.1084) | STATUS REPORT *and Proof of Delivery of Discovery* filed by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 01/12/2024) |
| 01/19/2024 | 60 (p.1087) | STATUS REPORT *and Proof of Delivery of Discovery* filed by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 01/19/2024) |
| 01/25/2024 | 61 (p.1090) | Joint MOTION to Extend Time Expert-Related Deadlines in Scheduling Order filed by American Airlines, Inc. (Kelly, Dee) (Entered: 01/25/2024) |
| 01/26/2024 | 62 | ELECTRONIC ORDER granting 61 (p.1090) Motion to Extend Time. Initial Expert Designations and Reports DUE 03/04/2024. Responsive Expert Designations and Reports DUE 04/03/2024. Discovery shall be COMPLETED on or before 05/31/2024. (Ordered by Judge Mark Pittman on 1/26/2024) (ads) (Entered: 01/26/2024) |
| 01/26/2024 | 63 (p.1094) | AMENDED ANSWER to 8 (p.89) Amended Complaint,, with Jury Demand filed by Skiplagged, Inc. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (Campbell, Abigail) (Entered: 01/26/2024) |

| 02/02/2024 | 64 (p.1118) | Unopposed MOTION for Discovery *for Issuance of Letters of Request* filed by American Airlines, Inc. (Kelly, Dee) (Entered: 02/02/2024) |
|---|---|---|
| 02/02/2024 | 65 (p.1122) | Brief/Memorandum in Support filed by American Airlines, Inc. re 64 (p.1118) Unopposed MOTION for Discovery *for Issuance of Letters of Request* (Kelly, Dee) (Entered: 02/02/2024) |
| 02/02/2024 | 66 (p.1129) | Appendix in Support filed by American Airlines, Inc. re 65 (p.1122) Brief/Memorandum in Support of Motion *for Issuance of Letters of Request* (Kelly, Dee) (Entered: 02/02/2024) |
| 02/13/2024 | 67 (p.1181) | ORDER granting 64 (p.1118) Motion for Discovery :Before the Court is Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint. ECF No. 18 . Having considered the Motion and applicable law, the Court GRANTS the motion and hereby issues the proposed Letters of Request as attached to this Order. (Ordered by Judge Mark Pittman on 2/13/2024) (sre) (Entered: 02/13/2024) |
| 02/26/2024 | 68 (p.1228) | Unopposed MOTION for Discovery *for Issuance of Letter of Request* filed by American Airlines, Inc. (Kelly, Dee) (Entered: 02/26/2024) |
| 02/26/2024 | 69 (p.1232) | Brief/Memorandum in Support filed by American Airlines, Inc. re 68 (p.1228) Unopposed MOTION for Discovery *for Issuance of Letter of Request* (Kelly, Dee) (Entered: 02/26/2024) |
| 02/26/2024 | 70 (p.1239) | Appendix in Support filed by American Airlines, Inc. re 69 (p.1232) Brief/Memorandum in Support of Motion, 68 (p.1228) Unopposed MOTION for Discovery *for Issuance of Letter of Request* (Kelly, Dee) (Entered: 02/26/2024) |
| 02/28/2024 | 71 (p.1265) | ORDER: Before the Court is Plaintiff's Motion for Issuance of Letters of Request under the Hague Convention. ECF No. 68 (p.1228) . Having considered the motion and applicable law, the Court GRANTS the motion and hereby ISSUES the letter of request attached to this Order. (Ordered by Judge Mark Pittman on 2/28/2024) (sre) (Entered: 02/28/2024) |
| 03/01/2024 | 72 (p.1289) | Joint MOTION to Extend Time Expert-Related Deadlines in Scheduling Order filed by American Airlines, Inc. (Berg, Lars) (Entered: 03/01/2024) |
| 03/04/2024 | 73 (p.1294) | ORDER: Having considered the motion and applicable law, the Court GRANTS the motion 72 (p.1289) . The deadlines addressed in the Parties' Motion will be reset as follows: Initial expert designations and reports shall be due on or before April 19, 2024; Responsive expert designations and reports shall be due on or before May 20, 2024; Rebuttal expert designations and reports shall be due on or before May 31, 2024; Discovery shall be completed on or before June 30, 2024; and Dispositive motions shall be due on or before June 30, 2024. (Ordered by Judge Mark Pittman on 3/4/2024) (sre) (Entered: 03/04/2024) |
| 04/05/2024 | 74 (p.1296) | MOTION to Compel *and for Sanctions* filed by American Airlines, Inc. (Kelly, Dee) (Entered: 04/05/2024) |
| 04/05/2024 | 75 (p.1299) | Brief/Memorandum in Support filed by American Airlines, Inc. re 74 (p.1296) MOTION to Compel *and for Sanctions* (Kelly, Dee) (Entered: 04/05/2024) |
| 04/05/2024 | 76 (p.1312) | Appendix in Support filed by American Airlines, Inc. re 75 (p.1299) Brief/Memorandum in Support of Motion *to Compel and for Sanctions* (Kelly, Dee) (Entered: 04/05/2024) |
| 04/08/2024 | | |

| | 77 (p.1385) | ORDER: Before the Court is Plaintiff's Motion to Compel and for Sanctions. ECF No. 74 (p.1296) . Having considered the Motion, the Court hereby REFERS this Motion and related filings to the United States Magistrate Judge Hal Ray. See 28 U.S.C. § 636(b). All papers filed hereafter referring to the Motion shall include the following notation under the case-number: "(Relates to the Motion Referred to Magistrate Judge Ray)". (Ordered by Judge Mark Pittman on 4/8/2024) (sre) (Entered: 04/08/2024) |
|---|---|---|
| 04/09/2024 | 78 (p.1386) | ORDER: Responses due by 4/15/2024. Status Report due by 4/15/2024. Motion Hearing set for 4/17/2024 at 03:00 PM in US Courthouse, Courtroom 508, 501 W. 10th St., Fort Worth, TX 76102-3673 before Magistrate Judge Hal R. Ray Jr. (Ordered by Magistrate Judge Hal R. Ray, Jr on 4/9/2024) (sre) (Entered: 04/09/2024) |
| 04/09/2024 | 79 (p.1388) | NOTICE of Attorney Appearance by Darin M Klemchuk on behalf of Skiplagged, Inc.. (Filer confirms contact info in ECF is current.) (Klemchuk, Darin) (Entered: 04/09/2024) |
| 04/09/2024 | 80 (p.1391) | NOTICE of Attorney Appearance by J Austin Franklin on behalf of American Airlines, Inc.. (Filer confirms contact info in ECF is current.) (Franklin, J) (Entered: 04/09/2024) |
| 04/09/2024 | 81 (p.1394) | NOTICE of *Joint Mediation Report* filed by American Airlines, Inc. (Berg, Lars) (Entered: 04/09/2024) |
| 04/09/2024 | 82 | (Document Restricted) American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Brief and Appendix in Support of Its Motion to Compel and for Sanctions and Brief in Support (Sealed pursuant to motion to seal) filed by American Airlines, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B) (Franklin, J) (Entered: 04/09/2024) |
| 04/11/2024 | 83 (p.1396) | MOTION to Compel *Responses to Discovery* filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 04/11/2024) |
| 04/11/2024 | 84 (p.1416) | Appendix in Support filed by Skiplagged, Inc. re 83 (p.1396) MOTION to Compel *Responses to Discovery* (Campbell, Abigail) (Entered: 04/11/2024) |
| 04/11/2024 | 86 (p.1622) | ORDER: Before the Court is Defendant's Motion to Compel. ECF No. 83 (p.1396) . Having considered the Motion, the Court hereby REFERS this Motion and related filings to the United States Magistrate Judge Hal Ray. See 28 U.S.C. § 636(b). All papers filed hereafter referring to the Motion shall include the following notation under the case-number: "(Relates to the Motion Referred to Magistrate Judge Ray)." (Ordered by Judge Mark Pittman on 4/11/2024) (sre) (Entered: 04/11/2024) |
| 04/11/2024 | 87 | (Document Restricted) Sealed Brief in Support re: 74 (p.1296) Motion to Compel filed by American Airlines, Inc. (bdb) (Entered: 04/11/2024) |
| 04/11/2024 | 88 | (Document Restricted) Sealed Appendix in Support re: 74 (p.1296) Motion to Compel filed by American Airlines, Inc. (bdb) (Entered: 04/11/2024) |
| 04/11/2024 | 89 (p.1623) | ORDER: The Court SETS the Motion for a Hearing, on April 17, 2024, at 3:00 p.m., in courtroom 508, Eldon B. Mahon United States Courthouse, 501 West 10th Street, Fort Worth, Texas, 76102. Prior to the hearing, lead counsel for both parties shall confer by telephone to discuss narrowing the issues to be considered by the Court. Counsel shall file a joint status report on or before April 15, 2024 at 5:00 |

| | | |
|---|---|---|
| | | p.m. describing the results of their telephone conference and advising the Court of issues remaining for determination. Additionally, by April 15, 2024 at 5:00 p.m., Plaintiff shall file a response to the Motion that addresses only the issues that are unresolved. Defendant shall not file a reply unless the Court orders it to do so. (Ordered by Magistrate Judge Hal R. Ray, Jr on 4/11/2024) (sre) (Entered: 04/11/2024) |
| 04/15/2024 | 90 (p.1625) | RESPONSE filed by Skiplagged, Inc. re: 74 (p.1296) MOTION to Compel *and for Sanctions* (Campbell, Abigail) (Entered: 04/15/2024) |
| 04/15/2024 | 91 (p.1641) | Appendix in Support filed by Skiplagged, Inc. re 90 (p.1625) Response/Objection (Campbell, Abigail) (Entered: 04/15/2024) |
| 04/15/2024 | 92 (p.1654) | Joint STATUS REPORT *REGARDING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS* filed by American Airlines, Inc.. (Berg, Lars) (Entered: 04/15/2024) |
| 04/15/2024 | 93 (p.1657) | Joint STATUS REPORT *regarding Skiplagged, Inc.'s Motion to Compel* filed by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 04/15/2024) |
| 04/15/2024 | 94 (p.1662) | RESPONSE filed by American Airlines, Inc. re: 83 (p.1396) MOTION to Compel *Responses to Discovery* (Kelly, Dee) (Entered: 04/15/2024) |
| 04/15/2024 | 95 (p.1693) | Appendix in Support filed by American Airlines, Inc. re 94 (p.1662) Response/Objection *to Skiplagged's Motion to Compel* (Kelly, Dee) (Entered: 04/15/2024) |
| 04/16/2024 | 96 (p.1767) | Unopposed MOTION to Withdraw 67 (p.1181) Order on Motion for Discovery, *and Request Issuance of Notice of Withdrawal/Cancellation to the Competent Polish Authorities* filed by American Airlines, Inc. (Attachments: # 1 (p.40) Exhibit(s) A) (Kelly, Dee) (Entered: 04/16/2024) |
| 04/16/2024 | 97 (p.1778) | Unopposed MOTION for Discovery *for Issuance of Letters of Request* filed by American Airlines, Inc. (Kelly, Dee) (Entered: 04/16/2024) |
| 04/16/2024 | 98 (p.1782) | Brief/Memorandum in Support filed by American Airlines, Inc. re 97 (p.1778) Unopposed MOTION for Discovery *for Issuance of Letters of Request* (Kelly, Dee) (Entered: 04/16/2024) |
| 04/16/2024 | 99 (p.1790) | Appendix in Support filed by American Airlines, Inc. re 98 (p.1782) Brief/Memorandum in Support of Motion, 97 (p.1778) Unopposed MOTION for Discovery *for Issuance of Letters of Request* (Kelly, Dee) (Entered: 04/16/2024) |
| 04/17/2024 | 100 (p.1824) | Agreed MOTION to Extend Time Initial Expert-Related Deadline filed by Skiplagged, Inc. (Kirkman, William) (Entered: 04/17/2024) |
| 04/17/2024 | 101 | ELECTRONIC ORDER granting 100 (p.1824) Motion to Extend Time. Initial Expert Designations and Reports DUE 04/23/2024. (Ordered by Judge Mark Pittman on 4/17/2024) (ads) (Entered: 04/17/2024) |
| 04/17/2024 | 102 (p.1829) | ORDER: Before the Court is Plaintiff's motion for issuance of letters of request to the Ministry of Justice of France. ECF No. 97 (p.1778) . Having considered the motion and applicable law, the Court GRANTS the motion, and hereby ISSUES the letters as attached to this order. (Ordered by Judge Mark Pittman on 4/17/2024) (sre) (Entered: 04/17/2024) |
| 04/17/2024 | 103 | |

| | | |
|---|---|---|
| | | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Hal R. Ray, Jr: Motion Hearing held on 4/17/2024 re: 83 (p.1396) MOTION to Compel *Responses to Discovery* filed by Skiplagged, Inc.,, 74 (p.1296) MOTION to Compel *and for Sanctions* filed by American Airlines, Inc. Attorney Appearances: Plaintiff - Dee J Kelly, Jr., J Austin Franklin, Lars Berg; Defense - William Kirkman, Aaron Tobin, Abigal Ruth Storm Campbell. (Court Reporter: Zoie Williams) (No exhibits) Time in Court - 2:39. (mcrd) (Entered: 04/18/2024) |
| 04/18/2024 | 104 (p.1860) | ORDER: Before the Court is Plaintiff's motion for withdrawal of its Letter of Request to the Ministry of Justice of Poland 96 (p.1767) . Having considered the motion and applicable law, the Court GRANTS the motion, and hereby issues the withdrawal to the Polish Ministry of Justice attached to this Order. (Ordered by Judge Mark Pittman on 4/18/2024) (sre) (Entered: 04/18/2024) |
| 04/18/2024 | 105 (p.1867) | ORDER: The Court holds in abeyance a ruling on AA's Motion. Yesterday, AA filed a bench brief, to which Skiplagged has not yet had an opportunity to respond. Accordingly, Skiplagged SHALL file its response to the bench brief on or before April 24, 2024. The Court therefore also holds in abeyance a ruling as to the RFPs. On or before April 24, 2024, the parties SHALL file a joint status report describing the results of their conference and advising the Court of any issues related to the RFPs remaining for determination. (Ordered by Magistrate Judge Hal R. Ray, Jr on 4/18/2024) (wxc) (Entered: 04/18/2024) |
| 04/18/2024 | 106 (p.1871) | MOTION to Extend Time of Deadline to Serve Expert Report on Damages & Related Deadlines filed by American Airlines, Inc. with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 04/18/2024) |
| 04/22/2024 | 107 (p.1877) | Transcript Order Form: transcript requested by American Airlines, Inc. for Hearing on Motion to Compel and for Sanctions held 4/17/24 (Court Reporter: Zoie Williams.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Franklin, J) (Entered: 04/22/2024) |
| 04/23/2024 | 108 | ELECTRONIC ORDER granting 106 (p.1871) Motion to Extend Time. Initial Expert Report on damages DUE 05/31/2024. Responsive Expert Report on damages DUE 07/01/2024. Rebuttal Expert Report on damages DUE 07/31/2024. (Ordered by Judge Mark Pittman on 4/23/2024) (ads) (Entered: 04/23/2024) |
| 04/23/2024 | 109 (p.1878) | Agreed MOTION to Extend Time Damages Expert Deadlines filed by Skiplagged, Inc. (Campbell, Abigail) (Entered: 04/23/2024) |
| 04/23/2024 | 110 (p.1883) | Designation of Experts by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 04/23/2024) |
| 04/23/2024 | 111 (p.1886) | Designation of Experts by American Airlines, Inc.. (Berg, Lars) (Entered: 04/23/2024) |
| 04/24/2024 | 112 | ELECTRONIC ORDER denying 109 (p.1878) Motion to Extend Time as MOOT. See ECF No. 108. (Ordered by Judge Mark Pittman on 4/24/2024) (ads) (Entered: 04/24/2024) |
| 04/24/2024 | 113 (p.1891) | RESPONSE filed by Skiplagged, Inc. re: 105 (p.1867) Order Setting Deadline/Hearing,, (Campbell, Abigail) (Entered: 04/24/2024) |
| 04/24/2024 | | |

| | 114 (p.1900) | Joint STATUS REPORT *RE THE PARTIES' MEET AND CONFER RE: AA'S OBJECTIONS AND RESPONSES TO SKIPLAGGED'S REQUESTS FOR PRODUCTION* filed by Skiplagged, Inc.. (Kirkman, William) (Entered: 04/24/2024) |
|---|---|---|
| 04/29/2024 | 115 (p.8703) | Notice of Filing of Official Electronic Transcript of Motions to Compel Hearing Proceedings held on 4.17.24 before Judge Hal R. Ray, Jr.. Court Reporter/Transcriber Zoie Williams, Telephone number 817.850.6630. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (132 pages) Redaction Request due 5/20/2024. Redacted Transcript Deadline set for 5/30/2024. Release of Transcript Restriction set for 7/29/2024. (zow) (Entered: 04/29/2024) |
| 04/30/2024 | 116 (p.1905) | Brief/Memorandum in Support filed by American Airlines, Inc. re 103 Motion Hearing,, *Bench Brief* (Franklin, J) (Entered: 04/30/2024) |
| 04/30/2024 | 117 (p.1911) | Joint STATUS REPORT *Following Up on the Parties' April 24, 2024 Joint Status Report* filed by Skiplagged, Inc.. (Kirkman, William) (Entered: 04/30/2024) |
| 05/01/2024 | 118 (p.1951) | ORDER granting 74 (p.1296) Motion to Compel: For these reasons, Skiplagged SHALL specify which records AA must review to locate documents responsive to Interrogatory No. 8 as Federal Rule of Civil Procedure 33(d)(1) requires. Skiplagged also SHALL PRODUCE all data in its possession or control responsive to Interrogatory No. 8 (p.89) and Request for Production Nos. 4-5 (except with regards to Skiplagged's customers social security numbers or credit card numbers), translated into a reasonably useable form, except to the extent that the translation requires analysis of the data. Finally, the Court DENIES AA's request for sanctions (ECF No. 74 (p.1296) ) because of the novelty and difficulty of the legal questions at issue in AAs Motion. The Court concludes that it is not in the interest of justice to sanction Skiplagged at this time. (Ordered by Magistrate Judge Hal R. Ray, Jr on 5/1/2024) (sre) (Entered: 05/01/2024) |
| 05/03/2024 | 119 (p.1961) | ORDER: The Court GRANTS in part and DENIES in part Skiplagged's Motion (ECF No. 83 (p.1396) ). (Ordered by Magistrate Judge Hal R. Ray, Jr on 5/3/2024) (See order for specifics.) (saw) (Entered: 05/03/2024) |
| 05/17/2024 | 120 (p.1964) | MOTION for Protective Order *Postponing Deposition of Aktarer Zaman* filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 05/17/2024) |
| 05/17/2024 | 121 (p.1975) | Appendix in Support filed by Skiplagged, Inc. re 120 (p.1964) MOTION for Protective Order *Postponing Deposition of Aktarer Zaman* (Campbell, Abigail) (Entered: 05/17/2024) |
| 05/20/2024 | 122 (p.2008) | Designation of Experts by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 05/20/2024) |
| 05/21/2024 | 123 | ***STRICKEN AND UNFILED PER 124 (p.2013) *** ORDER: Before the Court is Defendant's Motion for a Protective Order as to Plaintiff's noticed deposition of a defense witness. ECF No. 120 (p.1964) . In it, Defendant wishes to postpone the |

| | | |
|---|---|---|
| | | deposition of a corporate officer and move the location of the deposition to New York City. See ECF No. 120. The Court is exasperated at the number of discovery disputes in this case, considering that this matter has been pending for a mere nine months. Accordingly, the Court DENIES Defendant's motion, and further ORDERS that the deposition Mr. Aktarer Zaman take place in-person and face-to-face at the Eldon B. Mahon United States Courthouse, 501 W. Tenth Street, Fort Worth, Texas. (Ordered by Judge Mark Pittman on 5/21/2024) (sre) Modified on 5/21/2024 (sre). (Entered: 05/21/2024) |
| 05/21/2024 | 124 (p.2013) | ORDER: The Court is exasperated at the number of discovery disputes in this case, considering that this matter has been pending for a mere nine months. Accordingly, the Court DENIES Defendant's motion 120 (p.1964) , and further ORDERS that the deposition of Mr. Aktarer Zaman take place in-person and face-to-face on Wednesday, May 29, 2024, at the Eldon B. Mahon United States Courthouse, 501 W. Tenth Street, Fort Worth, Texas. The Clerk is further INSTRUCTED to STRIKE and UNFILE the Court's previous order (ECF No. 123 ) from the Court's docket. (Ordered by Judge Mark Pittman on 5/21/2024) (sre) (Entered: 05/21/2024) |
| 05/24/2024 | 125 (p.2014) | NOTICE of *Plaintiff American Airlines, Inc.'s Proof of Delivery of Discovery* re: 119 (p.1961) Order on Motion to Compel filed by American Airlines, Inc. (Kelly, Dee) (Entered: 05/24/2024) |
| 05/29/2024 | 126 (p.2017) | NOTICE of *Plaintiff American Airlines, Inc.'s Proof of Delivery of Discovery* re: 119 (p.1961) Order on Motion to Compel filed by American Airlines, Inc. (Franklin, J) (Entered: 05/29/2024) |
| 05/31/2024 | 127 (p.2019) | Designation of Experts by American Airlines, Inc.. (Kelly, Dee) (Entered: 05/31/2024) |
| 05/31/2024 | 128 (p.2022) | Designation of Experts by American Airlines, Inc.. (Kelly, Dee) (Entered: 05/31/2024) |
| 05/31/2024 | 129 (p.2025) | Designation of Experts by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 05/31/2024) |
| 06/11/2024 | 130 | ***WITHDRAWN PER ORDER 137 (p.2073) *** MOTION for Protective Order *DEFENDANT SKIPLAGGED, INC.S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT* filed by Skiplagged, Inc. with Brief/Memorandum in Support. (Campbell, Abigail) Modified on 6/24/2024 (wxc). (Entered: 06/11/2024) |
| 06/11/2024 | 131 (p.2028) | Appendix in Support filed by Skiplagged, Inc. re 130 MOTION for Protective Order *DEFENDANT SKIPLAGGED, INC.S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT* (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 06/11/2024) |
| 06/12/2024 | 132 (p.2066) | ORDER : Before the Court is Defendant's Motion for a Protective Order. ECF No. 130 . Having reviewed the motion and the record in this case, the Court hereby SETS a telephonic status conference at 11:30 a.m. on Wednesday, June 12, 2024. Mr. Kelly, on behalf of Plaintiff, and Mr. Kirkman, on behalf of defendant, as well as all other available counsel of record are ORDERED to attend. (Ordered by Judge Mark Pittman on 6/12/2024) (wxc) (Entered: 06/12/2024) |
| 06/12/2024 | 133 (p.2067) | ORDER re 30 (p.350) : having reviewed the motion an applicable law, the Court REFERS this motion and any further related filings to United States Magistrate Judge Hal R. Ray for consideration and disposition. And because this Court has serious concerns regarding the Parties' ability to resolve this case expeditiously, as |

| | | required by Dondi and the Texas Lawyer's Creed, without involving the Courts in refereeing countless discovery disputes used as litigation tactics, the Court further ORDERS the Partiestheir respective lead counsel and clientsto attend an in-person, face-to-face mediation with THE HON. R.H. WALLACE, JR. on or before August 26, 2024. (wxc) (Entered: 06/12/2024) |
|---|---|---|
| 06/12/2024 | 134 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Telephone Conference held on 6/12/2024. Attorney Appearances: Plaintiff - Dee Kelly, Jr., Bina Palnitkar, Austin Franklin, Julia Wisenberg; Defense - William Kirkman, Aaron Tobin, Abigail Campbell. (Court Reporter: Monica Guzman) (No exhibits) Time in Court - :26. (chmb) (Entered: 06/12/2024) |
| 06/12/2024 | 135 (p.2069) | ORDER: Plaintiff SHALL file a response to the Motion on or before June 21, 2024. Skiplagged shall not file a reply unless the Court orders it to do so. (Ordered by Magistrate Judge Hal R. Ray, Jr on 6/12/2024) (wxc) (Entered: 06/12/2024) |
| 06/21/2024 | 136 (p.2070) | Agreed MOTION to Withdraw 130 MOTION for Protective Order *DEFENDANT SKIPLAGGED, INC.S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT* filed by Skiplagged, Inc. (Kirkman, William) (Entered: 06/21/2024) |
| 06/24/2024 | 137 (p.2073) | ORDER granting 136 (p.2070) : Before the Court is Defendant Skiplagged, Inc.'s (Skiplagged) Agreed Request to Withdraw Its Motion for Protective Order and Brief in Support Thereof (ECF No. 136 (p.2070) ). Having considered the Request, the Court GRANTS it. (Ordered by Magistrate Judge Hal R. Ray, Jr on 6/24/2024) (wxc) (Entered: 06/24/2024) |
| 06/25/2024 | 138 (p.2074) | MOTION to Extend Time Dispositive Motion Deadline filed by Skiplagged, Inc. (Kirkman, William) (Entered: 06/25/2024) |
| 06/26/2024 | 139 | ELECTRONIC ORDER granting 138 (p.2074) Motion to Extend Time. Dispositive motions DUE on or before 07/01/2024. Defendant is permitted to supplement the summary judgment record as it obtains deposition transcripts. (Ordered by Judge Mark Pittman on 6/26/2024) (ads) (Entered: 06/26/2024) |
| 06/26/2024 | | Deadline Modification per 139 : Deadline set and reset. Motions due by 7/1/2024. (sre) (Entered: 06/26/2024) |
| 06/26/2024 | 140 (p.2079) | MOTION for Leave to File First Amended Answer and Affirmative Defenses filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Exhibit(s) C) (Kirkman, William) (Entered: 06/26/2024) |
| 06/27/2024 | 141 (p.2210) | Agreed MOTION to Extend Time Discovery Cut-Off Date to Allow Taking Specific Depositions filed by Skiplagged, Inc. (Kirkman, William) (Entered: 06/27/2024) |
| 06/28/2024 | 142 | ELECTRONIC ORDER granting 140 (p.2079) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Mark Pittman on 6/28/2024) (ads) (Entered: 06/28/2024) |
| 06/28/2024 | 143 | ELECTRONIC ORDER granting 141 (p.2210) Motion to Extend Time. Discovery shall be completed on or before 07/12/2024. (Ordered by Judge Mark Pittman on 6/28/2024) (ads) (Entered: 06/28/2024) |
| 06/28/2024 | 144 (p.2215) | DEFENDANT SKIPLAGGED, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED |

| | | |
|---|---|---|
| | | COMPLAINT to 8 (p.89) Amended Complaint,, with Jury Demand filed by Skiplagged, Inc. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. If additional patent or trademark numbers are included, the clerk will prepare the appropriate Report to the Patent/Trademark or Copyright Office. Attorneys are further reminded that, if necessary, they must comply with Local Rule 83.10(a) within 14 days or risk the possible dismissal of this case without prejudice or without further notice. (sre) (Main Document 144 replaced on 7/29/2024) (saw). (Entered: 06/28/2024) |
| 06/28/2024 | 145 (p.2239) | MOTION re 118 (p.1951) Order on Motion to Compel,,, filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 06/28/2024) |
| 06/28/2024 | 146 (p.2252) | Appendix in Support filed by American Airlines Inc re 145 (p.2239) MOTION re 118 (p.1951) Order on Motion to Compel,,, (Kelly, Dee) (Entered: 06/28/2024) |
| 06/28/2024 | 147 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Motion and Appendix in Support of Its Motion to Enforce the Court's May 1, 2024 Order and Brief in Support (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Motion to Enforce, # 2 (p.79) Exhibit(s) 2 - Appendix in Support of Motion to Enforce) (Kelly, Dee) (Entered: 06/28/2024) |
| 07/01/2024 | 148 (p.2297) | RESPONSE filed by Skiplagged, Inc. re: 145 (p.2239) MOTION re 118 (p.1951) Order on Motion to Compel,,, (Attachments: # 1 (p.40) Exhibit(s)) (Tobin, Aaron) (Entered: 07/01/2024) |
| 07/01/2024 | 149 (p.2305) | Designation of Experts by American Airlines Inc. (Berg, Lars) (Entered: 07/01/2024) |
| 07/01/2024 | 150 (p.2307) | MOTION for Summary Judgment filed by Skiplagged, Inc. (Campbell, Abigail) (Entered: 07/01/2024) |
| 07/01/2024 | 151 (p.2310) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 150 (p.2307) MOTION for Summary Judgment (Campbell, Abigail) (Entered: 07/01/2024) |
| 07/01/2024 | 152 (p.2343) | Appendix in Support filed by Skiplagged, Inc. re 151 (p.2310) Brief/Memorandum in Support of Motion (Campbell, Abigail) (Entered: 07/01/2024) |
| 07/01/2024 | 153 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to File Under Seal Portions of Brief and Appendix in Support of its Motion for Summary Judgment (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Proposed Order) (Campbell, Abigail) (Entered: 07/01/2024) |
| 07/01/2024 | 154 (p.2437) | MOTION for Summary Judgment *Partial* filed by American Airlines Inc (Kelly, Dee) (Entered: 07/01/2024) |
| 07/01/2024 | 155 (p.2441) | Brief/Memorandum in Support filed by American Airlines Inc re 154 (p.2437) MOTION for Summary Judgment *Partial* (Kelly, Dee) (Entered: 07/01/2024) |
| 07/01/2024 | 156 | Appendix in Support filed by American Airlines Inc re 155 (p.2441) |

| | | |
|---|---|---|
| | (p.2498) | Brief/Memorandum in Support of Motion, 154 (p.2437) MOTION for Summary Judgment *Partial* (Attachments: # 1 (p.40) Exhibit(s) 1-11, # 2 (p.79) Exhibit(s) 12, # 3 (p.81) Exhibit(s) 13-64) (Kelly, Dee) (Entered: 07/01/2024) |
| 07/01/2024 | 157 | (Document Restricted) SEALED Motion to Seal Plaintiff's Brief and Appendix to Motion for Summary Judgment (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1, # 2 (p.79) Exhibit(s) 2) (Kelly, Dee) (Entered: 07/01/2024) |
| 07/02/2024 | 158 | (Document Restricted) SEALED Motion to Seal Plaintiff's Brief and Appendix to Motion for Summary Judgment (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s), # 2 (p.79) Exhibit(s), # 3 (p.81) Exhibit(s), # 4 (p.83) Exhibit(s), # 5 (p.85) Exhibit(s), # 6 (p.87) Exhibit(s)) (Kelly, Dee) (Entered: 07/02/2024) |
| 07/08/2024 | 159 | ***INCORRECT ENTRY PER FILER SEE DOC 160 (p.3083) FOR CORRECTED VERSION*** RESPONSE filed by Skiplagged, Inc. re: 145 (p.2239) MOTION re 118 (p.1951) Order on Motion to Compel,,, (Tobin, Aaron) Modified docket text on 7/8/2024 (saw). (Entered: 07/08/2024) |
| 07/08/2024 | 160 (p.3083) | RESPONSE filed by Skiplagged, Inc. re: 145 (p.2239) MOTION re 118 (p.1951) Order on Motion to Compel,,, (Tobin, Aaron) (Entered: 07/08/2024) |
| 07/08/2024 | 161 (p.3095) | Appendix in Support filed by Skiplagged, Inc. re 160 (p.3083) Response/Objection (Tobin, Aaron) (Entered: 07/08/2024) |
| 07/08/2024 | 162 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion For Leave to File Under Seal Portions of its Response and Appendix in Support of its Response to American Airlines, Inc.'s Motion to Enforce the Court's May 1, 2024 Order (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Proposed Order) (Tobin, Aaron) (Entered: 07/08/2024) |
| 07/08/2024 | 168 | (Document Restricted) Sealed Motion to Enforce filed by American Airlines Inc (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 169 | (Document Restricted) Sealed Appendix in Support re: 168 Sealed and/or Ex Parte Motion filed by American Airlines Inc (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 170 | (Document Restricted) Sealed Brief in Support re: 150 (p.2307) Motion for Summary Judgment filed by Skiplagged, Inc. (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 171 | (Document Restricted) Sealed Appendix in Support re: 170 Sealed Brief in Support, 150 (p.2307) Motion for Summary Judgment filed by Skiplagged, Inc. (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 172 | (Document Restricted) Sealed Brief in Support re: 154 (p.2437) Motion for Summary Judgment filed by American Airlines Inc (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 173 | (Document Restricted) Sealed Appendix in Support re: 172 Sealed Brief in Support, 154 (p.2437) Motion for Summary Judgment filed by American Airlines Inc (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 174 | (Document Restricted) Sealed Appendix in Support re: 173 Sealed Brief in Support, 154 (p.2437) Motion for Summary Judgment, 172 Sealed Appendix in Support filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s), # 2 (p.79) Exhibit(s), # 3 (p.81) Exhibit(s), # 4 (p.83) Exhibit(s), # 5 (p.85) Exhibit(s), |

| | | |
|---|---|---|
| | | # 6 (p.87) Exhibit(s)) (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 175 | (Document Restricted) Sealed Response in Opposition to Motion re: 168 Sealed Motion to Enforce filed by Skiplagged, Inc. (saw) (Entered: 07/08/2024) |
| 07/08/2024 | 176 | (Document Restricted) Sealed Appendix in Support re: 175 Sealed Response in Opposition to Motion filed by Skiplagged, Inc. (saw) (Entered: 07/08/2024) |
| 07/09/2024 | 177 (p.3135) | ORDER: Before the Court is Plaintiff's motions to enforce the May 1, 2024 order of United States Magistrate Judge Hal R. Ray, which granted in part Plaintiff's prior motion to compel. ECF Nos. 145 (p.2239) , 168 . Having reviewed the motion an applicable law, the Court REFERS these motions and any further related filings to United States Magistrate Judge Hal R. Ray for consideration and disposition. (Ordered by Judge Mark Pittman on 7/9/2024) (wxc) (Entered: 07/09/2024) |
| 07/18/2024 | 178 (p.3136) | Supplemental Document by Skiplagged, Inc. as to 170 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support, 151 (p.2310) Brief/Memorandum in Support of Motion *Skiplagged, Inc.'s Supplement to its Brief In Support of its Motion for Summary Judgment*. (Campbell, Abigail) (Entered: 07/18/2024) |
| 07/18/2024 | 179 (p.3145) | Supplemental Document by Skiplagged, Inc. as to 152 (p.2343) Appendix in Support, 171 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support *Supplemental Appendix in Support of Defendant Skiplagged, Inc.'s Motion for Summary Judgment*. (Campbell, Abigail) (Entered: 07/18/2024) |
| 07/18/2024 | 180 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to File Under Seal Portions of its Supplement and Appendix in Support of its Supplement to its Brief in Support of its Motion for Summary Judgment (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Proposed Order) (Campbell, Abigail) (Entered: 07/18/2024) |
| 07/22/2024 | 181 (p.3150) | REPLY filed by American Airlines Inc re: 168 Sealed Plaintiff American Airlines, Inc.'s Motion to Enforce the Court's May 1, 2024 Order and Brief in Support (Kelly, Dee) (Entered: 07/22/2024) |
| 07/22/2024 | 182 (p.3154) | RESPONSE AND OBJECTION filed by Skiplagged, Inc. re: 154 (p.2437) MOTION for Summary Judgment *Partial* (Campbell, Abigail) (Entered: 07/22/2024) |
| 07/22/2024 | 183 (p.3202) | Appendix in Support filed by Skiplagged, Inc. re 182 (p.3154) Response/Objection *DEFENDANT SKIPLAGGED, INC.S BRIEF IN OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT* (Campbell, Abigail) (Entered: 07/22/2024) |
| 07/22/2024 | 184 (p.3242) | OBJECTION filed by Skiplagged, Inc. re: 174 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support, 172 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support (Campbell, Abigail) (Entered: 07/22/2024) |
| 07/22/2024 | 185 | (Document Restricted) DEFENDANT SKIPLAGGED, INC.S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF BRIEF AND APPENDIX IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Proposed Order Proposed Order) (Campbell, Abigail) (Entered: 07/22/2024) |

| 07/22/2024 | 186 (p.3250) | RESPONSE filed by American Airlines Inc re: 150 (p.2307) MOTION for Summary Judgment (Kelly, Dee) (Entered: 07/22/2024) |
|---|---|---|
| 07/22/2024 | 187 (p.3253) | Brief/Memorandum in Support filed by American Airlines Inc re 186 (p.3250) Response/Objection *to Skiplagged's Motion for Summary Judgment* (Kelly, Dee) (Entered: 07/22/2024) |
| 07/22/2024 | 188 (p.3298) | Appendix in Support filed by American Airlines Inc re 187 (p.3253) Brief/Memorandum in Support of Motion *Response* (Attachments: # 1 (p.40) Exhibit(s)) (Kelly, Dee) (Entered: 07/22/2024) |
| 07/22/2024 | 189 | (Document Restricted) American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Brief and Appendix in Support of Its Response to Defendant Skiplagged, Inc.'s Motion for Summary Judgment (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Brief ISO American Airlines, Inc.'s Response to Defendant's MSJ, # 2 (p.79) Appendix ISO Brief, # 3 (p.81) Exhibit(s) A, # 4 (p.83) Exhibit(s) A-1, # 5 (p.85) Exhibit(s) A-2, # 6 (p.87) Exhibit(s) A-3, # 7 (p.88) Exhibit(s) A-4, # 8 (p.89) Exhibit(s) A-5, # 9 (p.126) Exhibit(s) A-6, # 10 (p.128) Exhibit(s) A-7, # 11 (p.129) Exhibit(s) A-8, # 12 (p.131) Exhibit(s) A-9, # 13 (p.136) Exhibit(s) A-10, # 14 (p.138) Exhibit(s) A-11, # 15 (p.144) Exhibit(s) A-12, # 16 (p.147) Exhibit(s) A-13, # 17 (p.151) Exhibit(s) A-14, # 18 Exhibit(s) A-15, # 19 (p.163) Exhibit(s) A-16, # 20 (p.172) Exhibit(s) A-17, # 21 (p.184) Exhibit(s) A-18, # 22 (p.214) Exhibit(s) A-19, # 23 (p.273) Exhibit(s) A-20, # 24 (p.275) Exhibit(s) A-21, # 25 (p.287) Exhibit(s) A-22, # 26 Exhibit(s) A-23, # 27 (p.326) Exhibit(s) A-24, # 28 Exhibit(s) A-25, # 29 (p.328) Exhibit(s) A-26, # 30 (p.350) Exhibit(s) A-27, # 31 (p.555) Exhibit(s) A-28, # 32 (p.556) Exhibit(s) A-29, # 33 (p.562) Exhibit(s) A-30, # 34 Exhibit(s) A-31, # 35 (p.563) Exhibit(s) A-32, # 36 (p.565) Exhibit(s) A-33, # 37 (p.567) Exhibit(s) A-34, # 38 (p.569) Exhibit(s) A-35, # 39 (p.572) Exhibit(s) A-36, # 40 (p.584) Exhibit(s) A-37, # 41 (p.711) Exhibit(s) A-38, # 42 (p.712) Exhibit(s) A39, # 43 (p.714) Exhibit(s) A-40, # 44 (p.716) Exhibit(s) A-41, # 45 (p.725) Exhibit(s) A-42) (Wisenberg, Julia) (Entered: 07/22/2024) |
| 07/23/2024 | 193 | (Document Restricted) Sealed Brief/Memorandum in Support re: 150 (p.2307) Motion for Summary Judgment filed by Skiplagged, Inc. (sre) (Entered: 07/23/2024) |
| 07/23/2024 | 194 | (Document Restricted) Sealed Appendix in Support re: 150 (p.2307) Motion for Summary Judgment, 193 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support filed by Skiplagged, Inc. (sre) (Entered: 07/23/2024) |
| 07/23/2024 | 195 | (Document Restricted) DEFENDANT SKIPLAGGED, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT filed by Skiplagged, Inc. (sre) (Entered: 07/23/2024) |
| 07/23/2024 | 196 | (Document Restricted) AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANT SKIPLAGGED, INC.'S MOTION FOR SUMMARY JUDGMENT re: 195 Sealed and/or Ex Parte Response/Objection filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Additional Page(s), # 2 (p.79) Additional Page(s), # 3 (p.81) Additional Page(s), # 4 (p.83) Additional Page(s), # 5 (p.85) Additional Page(s), # 6 (p.87) Additional Page(s)) (sre) (Attachment 4 replaced on 7/29/2024) (saw). (Entered: 07/23/2024) |
| 07/23/2024 | 197 | (Document Restricted) Sealed ORDER denying sealed and/or ex parte motion 168 . (Ordered by Magistrate Judge Hal R. Ray, Jr. on 7/23/2024) (sre) Modified to |

| | | correct judge name on 7/25/2024 (bdb). (Entered: 07/23/2024) |
|---|---|---|
| 07/29/2024 | 198 (p.3813) | MOTION to Supplement Its Expert Report on Damages filed by American Airlines Inc (Kelly, Dee) (Entered: 07/29/2024) |
| 07/31/2024 | 199 (p.3819) | MEMORANDUM OPINION & ORDER: The Court GRANTS Skiplagged's Motion for Summary Judgment (ECF No. 150 (p.2307) ) only as to Americans claims for breach of contract, breach of its conditions of carriage, and tortious interference with said conditions of carriage. In addition, the Court GRANTS Americans Cross-Motion for Partial Summary Judgment (ECF No. 154 (p.2437) ) only as to its claim for copyright infringement. The Court DENIES both Motions in all other respects. (Ordered by Judge Mark Pittman on 7/31/2024) (sre) (Entered: 07/31/2024) |
| 07/31/2024 | 200 (p.3830) | ORDER: Before the Court is American Airlines' Motion for Leave to File a Supplemental Expert Report on Damages, ECF No. 198 (p.3813) , based on recent discovery produced as required by a previous Order of United States Magistrate Judge Hal R. Ray. See ECF No. 118 (p.1951) . Having considered the Motion and applicable law, the Court GRANTS the Motion. (Ordered by Judge Mark Pittman on 7/31/2024) (sre) (Entered: 07/31/2024) |
| 07/31/2024 | 201 (p.3831) | Designation of Experts by Skiplagged, Inc.. (Campbell, Abigail) (Entered: 07/31/2024) |
| 08/02/2024 | 202 (p.3834) | MOTION to Allow Skiplagged to Respond to AA's Forthcoming Supplemental Expert Report on Damages re 198 (p.3813) MOTION to Supplement Its Expert Report on Damages filed by Skiplagged, Inc. (Kirkman, William) (Entered: 08/02/2024) |
| 08/05/2024 | 203 (p.3839) | ORDER: Before the Court is Defendant's 202 (p.3834) Motion for leave to file a rebuttal expert report and depose Plaintiffs proffered expert witness regarding his supplemental expert report. The Court GRANTS the Motion. (Ordered by Judge Mark Pittman on 8/5/2024) (mmw) (Entered: 08/05/2024) |
| 08/12/2024 | 204 (p.3840) | NOTICE of Attorney Appearance by Dee J Kelly, Jr for R. Paul Yetter, Yetter Coleman LLP on behalf of American Airlines Inc. (Kelly, Dee) (Entered: 08/12/2024) |
| 08/13/2024 | 205 (p.3842) | NOTICE of Attorney Appearance by Dee J Kelly, Jr for Cameron M. Nelson on behalf of American Airlines Inc. (Kelly, Dee) (Entered: 08/13/2024) |
| 08/14/2024 | 206 (p.3845) | Joint STATUS REPORT *Regarding Second Mediation* filed by American Airlines Inc. (Kelly, Dee) (Entered: 08/14/2024) |
| 08/21/2024 | 207 (p.3848) | *Defendant Skiplagged, Inc.'s Rule 26(a)(3)* Pretrial Disclosures filed by Skiplagged, Inc.. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Exhibit(s) B, # 3 (p.81) Exhibit(s) C) (Campbell, Abigail) (Entered: 08/21/2024) |
| 08/21/2024 | 208 (p.3862) | *Plaintiff American Airlines, Inc.'s* Pretrial Disclosures filed by American Airlines Inc. (Kelly, Dee) (Entered: 08/21/2024) |
| 08/23/2024 | 209 (p.3889) | MOTION To Move Two Dates in Scheduling Order Related to Preparation of Jury Charge filed by Skiplagged, Inc. (Kirkman, William) (Entered: 08/23/2024) |
| 08/23/2024 | 210 (p.3895) | ORDER: Before the Court is Defendant's Unopposed Motion to Extend Scheduling Order Deadlines. ECF No. 209 (p.3889) . Having considered the Motion, the Court concludes that it should be and is hereby GRANTED. It is ORDERED that the |

| | | |
|---|---|---|
| | | meeting between counsel to discuss the Jury Charge is moved from August 30, 2024, to August 28, 2024, at 10:00 a.m. at the offices of Kelly Hart & Hallman. Further, Defendant is ORDERED to provide Plaintiff's counsel its statement of any objection to the Charge presented by Plaintiff, and the text of any additional instruction or question of the Charge on or before August 27, 2024, by 2:00 p.m. (Ordered by Judge Mark Pittman on 8/23/2024) (sre) (Entered: 08/23/2024) |
| 08/23/2024 | 211 (p.3896) | MOTION to Strike *Expert Opinions and Testimony of Gary L. Gutzler* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 08/23/2024) |
| 08/23/2024 | 212 (p.3922) | Appendix in Support filed by American Airlines Inc re 211 (p.3896) MOTION to Strike *Expert Opinions and Testimony of Gary L. Gutzler* (Kelly, Dee) (Entered: 08/23/2024) |
| 08/23/2024 | 213 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Motion to Exclude Opinions and Testimony of Gary L. Gutzler and Appendix in Support (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Sealed Motion to Exclude, # 2 (p.79) Exhibit(s) 2 - Appendix to Motion to Exclude) (Kelly, Dee) (Entered: 08/23/2024) |
| 08/26/2024 | 214 (p.3960) | ORDER: Before the Court is Plaintiff's Motion to Exclude Expert Opinions and Testimony of Gary L. Gutzler. ECF No. 211 (p.3896) . Having reviewed the Motion, the Court concludes that it would benefit from an expedited response. The Court therefore ORDERS that Defendant shall file a response to the Motion on or before August 30, 2024, and Plaintiff's reply shall be filed on or before September 3, 2024. (Ordered by Judge Mark Pittman on 8/26/2024) (sre) (Entered: 08/26/2024) |
| 08/26/2024 | 215 | ***WITHDRAWN PER ORDER 278 (p.7721) *** MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert Darin Lee* filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) Modified on 9/13/2024 (wxc). (Entered: 08/26/2024) |
| 08/26/2024 | 216 (p.3961) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 215 MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert Darin Lee* (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 217 (p.3968) | Appendix in Support filed by Skiplagged, Inc. re 216 (p.3961) Brief/Memorandum in Support of Motion, 215 MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert Darin Lee* (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 218 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to file Under Seal Portions of Appendix in Support of its Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert Darin Lee (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Proposed Order) (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 219 (p.4056) | MOTION to Strike *and Exclude Plaintiff American Airline's, Inc.'s Expert Jerry Wind* filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 220 (p.4060) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 219 (p.4056) MOTION to Strike *and Exclude Plaintiff American Airline's, Inc.'s Expert Jerry Wind* (Campbell, Abigail) (Entered: 08/26/2024) |

| 08/26/2024 | 221 (p.4078) | Appendix in Support filed by Skiplagged, Inc. re 219 (p.4056) MOTION to Strike *and Exclude Plaintiff American Airline's, Inc.'s Expert Jerry Wind*, 220 (p.4060) Brief/Memorandum in Support of Motion (Campbell, Abigail) (Entered: 08/26/2024) |
|---|---|---|
| 08/26/2024 | 222 (p.6019) | MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller* filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 223 (p.6023) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 222 (p.6019) MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller* (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 224 (p.6049) | Appendix in Support filed by Skiplagged, Inc. re 222 (p.6019) MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller*, 223 (p.6023) Brief/Memorandum in Support of Motion (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 225 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to file Under Seal Portions of Appendix in Support of its Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Proposed Order) (Campbell, Abigail) (Entered: 08/26/2024) |
| 08/26/2024 | 226 | ***WITHDRAWN PER ORDER 278 (p.7721) *** MOTION to Strike */Exclude Expert Opinions and Testimony of Joseph M. Pimbley, PhD and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) Modified on 9/13/2024 (wxc). (Entered: 08/26/2024) |
| 08/26/2024 | 227 (p.6057) | Appendix in Support filed by American Airlines Inc re 226 MOTION to Strike */Exclude Expert Opinions and Testimony of Joseph M. Pimbley, PhD and Brief in Support* (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 228 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Appendix in Support of American's Motion to Exclude Expert Opinions and Testimony of Joseph M. Pimbley, PhD (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Appendix in Support of Motion to Exclude Pimberly) (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 229 (p.6379) | MOTION to Strike */Exclude Expert Opinions and Testimony of George John, PhD and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 230 (p.6404) | Appendix in Support filed by American Airlines Inc re 229 (p.6379) MOTION to Strike */Exclude Expert Opinions and Testimony of George John, PhD and Brief in Support* (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 231 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Appendix in Support of American's Motion to Exclude Expert Opinions and Testimony of George John, PhD (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Appendix in Support of Motion to Exclude George John, PhD) (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 232 | |

| | | |
|---|---|---|
| | | ***WITHDRAWN PER ORDER 278 (p.7721) *** MOTION to Strike *Exclude Expert Opinions and Testimony of Zal Phiroz, PhD and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) Modified on 9/13/2024 (wxc). (Entered: 08/26/2024) |
| 08/26/2024 | 233 (p.6683) | Appendix in Support filed by American Airlines Inc re 232 MOTION to Strike *Exclude Expert Opinions and Testimony of Zal Phiroz, PhD and Brief in Support* (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 234 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Motion and Appendix in Support of American's Motion to Exclude Expert Opinions and Testimony of Zal Phiroz, PhD (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Motion to Exclude Zal Phiroz, PhD, # 2 (p.79) Exhibit(s) 2 - Appendix in Support of Motion to Exclude Zal Phiroz, PhD) (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 235 | ***WITHDRAWN PER ORDER 278 (p.7721) *** MOTION to Strike *Exclude Expert Opinions and Testimony of Bijan Vasigh* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) Modified on 9/13/2024 (wxc). (Entered: 08/26/2024) |
| 08/26/2024 | 236 (p.6773) | Appendix in Support filed by American Airlines Inc re 235 MOTION to Strike *Exclude Expert Opinions and Testimony of Bijan Vasigh* (Kelly, Dee) (Entered: 08/26/2024) |
| 08/26/2024 | 237 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Motion and Appendix in Support of American's Motion to Exclude Expert Opinions and Testimony of Bijan Vasigh (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1-Motion to Exclude Bijan Vasigh, # 2 (p.79) Exhibit(s) 2- Appendix ISO Motion to Exclude Bijan Vasign) (Kelly, Dee) (Entered: 08/26/2024) |
| 08/27/2024 | 239 (p.6921) | ORDER: Before the Court is the Parties' various Motions to Strike and Exclude Expert Opinions and Testimony. ECF Nos. 215 , 219 (p.4056) , 222 (p.6019) , 226 , 229 (p.6379) , 232 , 235 . The Court ORDERS that the Party opposing each Motion shall file a response to each Motion on or before September 3, 2024, and Plaintiff's reply shall be filed on or before September 6, 2024. (Ordered by Judge Mark Pittman on 8/27/2024) (saw) (Entered: 08/27/2024) |
| 08/27/2024 | 240 (p.6922) | *Defendant Skiplagged, Inc.'s Supplemental Rule 26(a)(3)* Pretrial Disclosures filed by Skiplagged, Inc.. (Attachments: # 1 (p.40) Exhibit(s) A) (Campbell, Abigail) (Entered: 08/27/2024) |
| 08/30/2024 | 241 (p.6927) | Joint STIPULATION *Regarding Experts and Motions to Withdraw Certain Motions to Exclude Experts* by American Airlines Inc. (Kelly, Dee) (Entered: 08/30/2024) |
| 08/30/2024 | 242 | (Document Restricted) SEALED Plaintiff American Airlines, Inc.'s Motion to Exclude Expert Opinions and Testimony of Gary L. Gutzler, Motion to Strike Late-Produced Evidence Relied Upon by Gutzler, and Brief in Support (Sealed pursuant to order dated 8/27/2024) filed by American Airlines Inc (Kelly, Dee) (Entered: 08/30/2024) |
| 08/30/2024 | 243 | (Document Restricted) Sealed Appendix in Support re: 242 Sealed and/or Ex Parte Motion, (Sealed pursuant to order dated 8/27/2024) filed by American Airlines Inc |

| | | |
|---|---|---|
| | | (Kelly, Dee) (Entered: 08/30/2024) |
| 08/30/2024 | 244 | (Document Restricted) Sealed Appendix in Support re: 229 (p.6379) Motion to Strike (Sealed pursuant to order dated 8/27/2024) filed by American Airlines Inc (Kelly, Dee) (Entered: 08/30/2024) |
| 08/30/2024 | 245 (p.6930) | RESPONSE filed by Skiplagged, Inc. re: 211 (p.3896) MOTION to Strike *Expert Opinions and Testimony of Gary L. Gutzler* (Campbell, Abigail) (Entered: 08/30/2024) |
| 08/30/2024 | 246 (p.6933) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 245 (p.6930) Response/Objection (Campbell, Abigail) (Entered: 08/30/2024) |
| 08/30/2024 | 247 (p.6955) | Appendix in Support filed by Skiplagged, Inc. re 246 (p.6933) Brief/Memorandum in Support of Motion, 245 (p.6930) Response/Objection (Campbell, Abigail) (Entered: 08/30/2024) |
| 08/30/2024 | 248 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to File Under Seal Portions of Response and Appendix in Support of its Response to Plaintiff's Motion to Exclude Expert Opinions and Testimony of Gary L. Gutzler, Motion to Strike Late-Produced Evidence (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Proposed Order) (Campbell, Abigail) (Entered: 08/30/2024) |
| 09/02/2024 | 249 (p.6970) | Proposed Jury Charge filed by American Airlines Inc. (Kelly, Dee) (Entered: 09/02/2024) |
| 09/02/2024 | 250 (p.7114) | REPLY filed by American Airlines Inc re: 242 Sealed Plaintiff American Airlines, Inc.'s Motion to Exclude Expert Opinions and Testimony of Gary L. Gutzler, Motion to Strike Late-Produced Evidence Relied Upon by Gutzler, and Brief in Support (Kelly, Dee) (Entered: 09/02/2024) |
| 09/02/2024 | 251 | (Document Restricted) SEALED American Airlines, Inc.'s Motion for Leave to File Under Seal its Reply to Skiplagged, Inc.'s Response to Motion to Exclude Expert Opinions and Testimony of Gary L. Gutzler and Motion to Strike Late-Produced Evidence Relied Upon by Gutzler (Sealed pursuant to motion to seal) filed by American Airlines Inc (Kelly, Dee) (Entered: 09/02/2024) |
| 09/03/2024 | 252 (p.7128) | MOTION in Limine filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Proposed Order) (Campbell, Abigail) (Entered: 09/03/2024) |
| 09/03/2024 | 253 (p.7139) | RESPONSE filed by Skiplagged, Inc. re: 229 (p.6379) MOTION to Strike */Exclude Expert Opinions and Testimony of George John, PhD and Brief in Support* (Kirkman, William) (Entered: 09/03/2024) |
| 09/03/2024 | 254 (p.7167) | Appendix in Support filed by Skiplagged, Inc. re 253 (p.7139) Response/Objection *to AA's Motion to Exclude Expert Opinions and Testimony of George John, PhD and Brief in Support* (Kirkman, William) (Entered: 09/03/2024) |
| 09/03/2024 | 255 (p.7277) | MOTION in Limine *and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | 256 (p.7285) | RESPONSE filed by American Airlines Inc re: 219 (p.4056) MOTION to Strike *and Exclude Plaintiff American Airline's, Inc.'s Expert Jerry Wind* (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | | |

| | | |
|---|---|---|
| | 257 (p.7315) | Appendix in Support filed by American Airlines Inc re 256 (p.7285) Response/Objection *Skiplagged, Inc.'s Motion to Strike Testimony and Report of Plaintiff's Expert, Dr. Jerry Wind* (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | 258 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Appendix to Its Response and Brief in Opposition to Skiplagged, Inc.'s Motion to Strike Testimony and Report of Plaintiff's Expert Dr. Jerry Wind (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Appendix to Plaintiff's Response) (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | 259 (p.7565) | RESPONSE filed by American Airlines Inc re: 222 (p.6019) MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller* (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | 260 (p.7583) | Appendix in Support filed by American Airlines Inc re 259 (p.7565) Response/Objection *and Brief in Opposition to Skiplagged, Inc.'s Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller* (Kelly, Dee) (Entered: 09/03/2024) |
| 09/03/2024 | 261 | (Document Restricted) SEALED American Airlines, Inc.'s Unopposed Motion for Leave to File Under Seal Its Response and Brief in Opposition to Skiplagged, Inc.'s Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller and American's Appendix to its Response (Sealed pursuant to motion to seal) filed by American Airlines Inc (Attachments: # 1 (p.40) Exhibit(s) 1 - Plaintiff's Response, # 2 (p.79) Exhibit(s) 2 - Appendix to Plaintiff's Response) (Kelly, Dee) (Entered: 09/03/2024) |
| 09/04/2024 | 262 (p.7620) | OBJECTION filed by Skiplagged, Inc. re: 208 (p.3862) Pretrial Disclosures (Attachments: # 1 (p.40) Exhibit(s) 1) (Campbell, Abigail) (Entered: 09/04/2024) |
| 09/04/2024 | 263 (p.7682) | *Plaintiff American Airlines, Inc. 's Objections to Defendant Skiplagged, Inc.'s* Pretrial Disclosures filed by American Airlines Inc. (Kelly, Dee) (Entered: 09/04/2024) |
| 09/09/2024 | 269 (p.7691) | ORDER: Jury Trial set for 10/7/2024 at 09:00 AM in US Courthouse, Courtroom 4th Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Mark Pittman. The Court ORDERS that the parties meet before UnitedStates Magistrate Judge David Horan for a mediation/settlement conference to be conducted on Thursday, October 3, 2024, at 9:30 a.m. in the Fourth Floor Courtroom of the Eldon B. Mahon Courthouse. The Parties are ORDERED to report the results of the conference to the Court no later than Friday, October 4, 2024. Further, the Court ORDERS a pretrial conference on Thursday, October 3, 2024, at 1:30 p.m. in the Fourth Floor Courtroom of the Eldon B. Mahon Courthouse. (Ordered by Judge Mark Pittman on 9/9/2024) (sre) (Entered: 09/09/2024) |
| 09/09/2024 | 270 | (Document Restricted) AMERICAN AIRLINES, INC.'S RESPONSE AND BRIEF IN OPPOSITION TO SKIPLAGGED, INC.'S MOTION TO STRIKE AND EXCLUDE PLAINTIFF AMERICAN AIRLINES, INC.S EXPERT DAVID FULLER re: 222 (p.6019) Motion to Strike filed by American Airlines Inc. (sre) (Entered: 09/09/2024) |
| 09/09/2024 | 271 | (Document Restricted) APPENDIX TO PLAINTIFF AMERICAN AIRLINES, INC.'S RESPONSE AND BRIEF IN OPPOSITION TO SKIPLAGGED, INC.'S MOTION TO STRIKE TESTIMONY AND REPORT OF PLAINTIFF'S EXPERT, DR. JERRY WIND re: 219 (p.4056) Motion to Strike filed by American |

| | | |
|---|---|---|
| | | Airlines Inc. (sre) (Entered: 09/09/2024) |
| 09/09/2024 | 272 | (Document Restricted) PLAINTIFF AMERICAN AIRLINES, INC.'S REPLY TO SKIPLAGGED, INC.'S RESPONSE TO MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF GARY L. GUTZLER AND MOTION TO STRIKE LATE-PRODUCED EVIDENCE RELIED UPON BY GUTZLER 211 (p.3896) Motion to Strike filed by American Airlines Inc. (sre) (Entered: 09/09/2024) |
| 09/09/2024 | 273 (p.7694) | REPLY filed by American Airlines Inc re: 229 (p.6379) MOTION to Strike *Exclude Expert Opinions and Testimony of George John, PhD and Brief in Support* (Kelly, Dee) (Entered: 09/09/2024) |
| 09/09/2024 | 274 | Brief in RESPONSE filed by Skiplagged, Inc. re: 211 (p.3896) MOTION to Strike *Expert Opinions and Testimony of Gary L. Gutzler.* (sre) Modified restriction on 9/10/2024 (sre). (Entered: 09/10/2024) |
| 09/09/2024 | 275 | (Document Restricted) APPENDIX IN SUPPORT OF DEFENDANT SKIPLAGGED, INC.'S BRIEF IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE PLAINTIFF AMERICAN AIRLINES, INC.S EXPERT DAVID FULLER re: 223 (p.6023) Brief/Memorandum in Support of Motion filed by Skiplagged, Inc re: 222 (p.6019) . (sre) (Entered: 09/10/2024) |
| 09/12/2024 | 276 (p.7709) | Witness List by American Airlines Inc. (Kelly, Dee) (Entered: 09/12/2024) |
| 09/13/2024 | 277 (p.7720) | ORDER denying 219 (p.4056) , 229 (p.6379) : Before the Court are Defendant Skiplagged, Inc.'s Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert Jerry Wind (ECF No. 219 (p.4056) ), filed August 26, 2024, and Plaintiff American Airlines, Inc.'s Motion to Exclude Expert Opinions and Testimony of George John, PHD (ECF No. 229 (p.6379) ), filed August 26, 2024. Having considered the briefing and applicable law, the Court DENIES the Motions (ECF Nos. 219 (p.4056) and 229 (p.6379) ). (Ordered by Judge Mark Pittman on 9/13/2024) (wxc) (Entered: 09/13/2024) |
| 09/13/2024 | 278 (p.7721) | ORDER: the Parties seek leave to withdraw their Motions as moot. Finding good cause therein, the Court ORDERS that the Motion to Withdraw Certain Motions (ECF Nos. 215 , 226 , 232 , and 235 ) to Exclude Experts should be and is hereby GRANTED. (Ordered by Judge Mark Pittman on 9/13/2024) (wxc) (Entered: 09/13/2024) |
| 09/13/2024 | 279 (p.7722) | REPLY filed by Skiplagged, Inc. re: 222 (p.6019) MOTION to Strike *and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller* (Campbell, Abigail) (Entered: 09/13/2024) |
| 09/13/2024 | 280 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to File Under Seal Portions of its Reply in Support of its Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Proposed Order) (Campbell, Abigail) (Entered: 09/13/2024) |
| 09/16/2024 | 282 (p.7734) | JOINT PRETRIAL ORDER: Pursuant to this Court's Scheduling Order [Dkt. No. 20 (p.172) at 45 8.a.] and Rule 16.4 of the Local Civil Rules for the Northern District of Texas, Plaintiff American Airlines, Inc. (American) and Defendant Skiplagged, Inc. (Skiplagged) submit this Joint Pretrial Order. (Ordered by Judge Mark Pittman on 9/16/2024) (wxc) (Entered: 09/16/2024) |

| 09/16/2024 | 283 (p.7775) | Proposed Voir Dire by Skiplagged, Inc.. (Kirkman, William) (Entered: 09/16/2024) |
|---|---|---|
| 09/16/2024 | 284 (p.7779) | Proposed Voir Dire by American Airlines Inc. (Kelly, Dee) (Entered: 09/16/2024) |
| 09/16/2024 | 285 | (Document Restricted) Sealed Defendant Skiplagged, Inc's Reply in Support of Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller re: 222 (p.6019) Motion to Strike, 223 (p.6023) Brief/Memorandum in Support of Motion filed by Skiplagged, Inc. (wxc) (Entered: 09/17/2024) |
| 09/19/2024 | 286 (p.7784) | Witness List by Skiplagged, Inc.. (Kirkman, William) (Entered: 09/19/2024) |
| 09/20/2024 | 287 (p.7791) | NOTICE of Attorney Appearance by Tyler P. Young on behalf of American Airlines Inc. (Filer confirms contact info in ECF is current.) (Young, Tyler) (Entered: 09/20/2024) |
| 09/23/2024 | 288 (p.7794) | ORDER: Before the Court are Plaintiff's and Defendant's Motions in Limine. ECF Nos. 252 (p.7128) , 255 (p.7277) . Defendant wants to limit ten various topics as irrelevant to this lawsuit. See ECF No. 252 (p.7128) . Plaintiff wants to limit Defendant from introducing evidence on eight various topics. See ECF No. 255 (p.7277) . Upon review of the Motions, the Court determines that the Motions should be and are hereby DENIED without prejudice. Both Parties can resurrect their Motions at trial when the Court and the Parties have a more concrete sense of when and for what purpose the evidence in question is to be used. (Ordered by Judge Mark Pittman on 9/23/2024) (sre) (Entered: 09/23/2024) |
| 09/23/2024 | 289 (p.7795) | ORDER: Before the Court is Plaintiff's Motion to Strike Expert Opinions and Testimony of Gary L. Gutzler (ECF No. 211 (p.3896) ), and Defendant's Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s Expert David Fuller. ECF No. 222 (p.6019) . Having reviewed the Motions and applicable law, the Court exercises its "broad discretion in deciding admissibility of expert testimony," see Sandifer v. Hoyt Archery, Inc., 907 F.3d 802, 807 (5th Cir. 2018), and hereby DENIES the Motions (ECF Nos. 211 (p.3896) and 222 (p.6019) ). (Ordered by Judge Mark Pittman on 9/23/2024) (sre) (Entered: 09/23/2024) |
| 09/25/2024 | 291 | ELECTRONIC ORDER: In connection with the mediation/settlement conference to be conducted on Thursday, October 3, 2024, at 9:30 a.m., the undersigned encourages each party to submit confidential position papers detailing any facts or issues that they believe will be helpful for the undersigned to be aware of in conducting the mediation/settlement conference but which they choose not to reveal to the opposing side. This may include a party's interests and concerns beyond any monetary demand, the existence and status of prior negotiations (formal or otherwise) and prior or pending demands and counteroffers, and anything else that might be helpful for a mediator to know in advance. Position papers should not merely incorporate or attach pending motions for summary judgment or motions to dismiss. Any position papers must be emailed to Horan_Orders@txnd.uscourts.gov by 4:00 p.m. Central Time on October 1, 2024 but should not be filed with the Clerk's office or through the Electronic Case Files ("ECF") system. (Ordered by Magistrate Judge David L. Horan on 9/25/2024.) (Entered: 09/25/2024) |
| 09/27/2024 | 292 (p.7796) | Designation of Deposition by Skiplagged, Inc.. (Kirkman, William) (Entered: 09/27/2024) |

| 09/27/2024 | 293 (p.7813) | Exhibit List by Skiplagged, Inc.. (Kirkman, William) (Entered: 09/27/2024) |
|---|---|---|
| 09/27/2024 | 294 (p.7825) | TRIAL BRIEF by American Airlines Inc. (Kelly, Dee) (Entered: 09/27/2024) |
| 09/27/2024 | 295 (p.7848) | Exhibit List *and Deposition Testimony Designations* by American Airlines Inc. (Kelly, Dee) (Entered: 09/27/2024) |
| 10/02/2024 | 296 (p.7919) | TRIAL BRIEF by Skiplagged, Inc.. (Tobin, Aaron) (Entered: 10/02/2024) |
| 10/02/2024 | 297 | (Document Restricted) Defendant Skiplagged, Inc.'s Unopposed Motion for Leave to File Under Seal Portions of its Trial Brief (Sealed pursuant to motion to seal) filed by Skiplagged, Inc. (Attachments: # 1 (p.40) Exhibit(s) A, # 2 (p.79) Proposed Order) (Tobin, Aaron) (Entered: 10/02/2024) |
| 10/03/2024 | 300 | ELECTRONIC ORDER: Pretrial Conference rescheduled for 10/4/2024 08:30 AM in US Courthouse, Courtroom 4th Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Mark Pittman. (Ordered by Judge Mark Pittman on 10/3/2024) (WRA) (Entered: 10/03/2024) |
| 10/04/2024 | 301 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge David L. Horan: Settlement Conference held on 10/4/2024. Attorney Appearances: Plaintiff - Dee J Kelly, Jr, Cameron Nelson, R Paul Yetter; Defense - William L Kirkman, Aaron Z Tobin, Darin M Klemchuk. (Court Reporter: Not Recorded) (No exhibits) Time in Court - 07:28. (mcrd) Modified on 7/7/2025 (chmb). (Entered: 10/03/2024) |
| 10/04/2024 | 302 (p.7949) | Unopposed MOTION to Dismiss *Its False Designation of Origin and Unfair Competition Claim* filed by American Airlines Inc (Kelly, Dee) (Entered: 10/04/2024) |
| 10/04/2024 | 303 | ELECTRONIC ORDER granting 302 (p.7949) Plaintiff's Motion to Dismiss its False Designation of Origin and Unfair Competition Claim. (Ordered by Judge Mark Pittman on 10/4/2024) (WRA) (Entered: 10/04/2024) |
| 10/04/2024 | 304 (p.7952) | ORDER: Having considered the Parties' arguments and applicable law regarding bifurcation of equitable and jury issues, the Court hereby DENIES Plaintiff's first request 294 (p.7825) . As for the customer complaint exhibits, the Court hereby GRANTS Plaintiff's request 295 (p.7848) and finds that such exhibits are relevant to the claims and defenses in this case. The Court declines to bifurcate this trial. It is therefore ORDERED that the equitable issues and jury issues will be heard in the same trial beginning October 7, 2024. The Court declines to bifurcate this trial. It is therefore ORDERED that the equitable issues and jury issues will be heard in the same trial beginning October 7, 2024. It is therefore ORDERED that Plaintiff be permitted to use the customer complaint exhibits. See ECF No. 295 (p.7848) . Nonetheless, this Order does not foreclose Defendant from objecting to individual complaint exhibits offered at trial. (Ordered by Judge Mark Pittman on 10/4/2024) (sre) (Entered: 10/04/2024) |
| 10/04/2024 | 305 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge David L. Horan: Settlement Conference held on 10/4/2024. Attorney Appearances: Plaintiff - Dee J Kelly, Jr, Cameron Nelson; Defense - William L Kirkman, Darin M Klemchuk. (Court Reporter: Not Recorded) (No exhibits) Time in Court - 1:48. (kaf) (Entered: 10/04/2024) |

| | | |
|---|---|---|
| 10/04/2024 | 306 (p.7954) | MEDIATION REPORT: In the Court's September 9, 2024 Order Dkt. No. 269 (p.7691) , United States District Judge Mark T. Pittman referred this case to the undersigned United States magistrate judge to conduct a mediation/settlement conference on October 3, 2024. The undersigned held a mediation on October 3 and 4, 2024. The parties and their counsel attended and participated as required, but a settlement was not reached at this time. (Ordered by Magistrate Judge David L. Horan on 10/4/2024) (sre) (Entered: 10/04/2024) |
| 10/4/2024 | 307 (p.7955) | Joint STATUS REPORT *Regarding Third Mediation* filed by American Airlines Inc. (Kelly, Dee) (Entered: 10/04/2024) |
| 10/04/2024 | 308 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Pretrial Conference held on 10/4/2024. Attorney Appearances: Plaintiff - Dee Kelly, Cameron Nelson; Defense - William Kirkman, Aaron Tobin, Darian Klemchuk. (Court Reporter: Monica Guzman) (No exhibits) Time in Court - :35. (chmb) Modified on 7/7/2025 (chmb). (Entered: 10/07/2024) |
| 10/07/2024 | 309 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Begun on 10/7/2024. Attorney Appearances: Plaintiff - Paul Yetter, Dee Kelly; Defense - Bill Kirkman, Aaron Tobin, Darin Klemchuk. (Court Reporter: Monica Guzman) (Plaintiff's Exhibits 1-6, 8-10, 13, 15-21, 23-32, 34, 92-103, 114-133, 135-148, 150-167, 169-182, 184-185 admitted. Defendant's Exhibits 1-11, 13-34, 36-45, 47-63 admitted.) Time in Court - 06:10. (chmb) (Entered: 10/09/2024) |
| 10/08/2024 | 310 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Day #2 Held on 10/8/2024. Attorney Appearances: Plaintiff - Paul Yetter, Dee Kelly, Bina Palnitkar; Defense - Bill Kirkman, Aaron Tobin, Darin Klemchuk. (Court Reporter: Monica Guzman) (Plaintiff's Exhibits 11, 33, 36, 45, 46, 56, 67, 71, 76, 78, 80, 150 admitted. Defendant's Exhibits 68, 69 admitted.) Time in Court - 04:15. (chmb) Modified text on 10/15/2024 (chmb). (Entered: 10/09/2024) |
| 10/09/2024 | 312 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Day #3 Held on 10/9/2024. Attorney Appearances: Plaintiff - Paul Yetter, Cameron Nelson; Defense - Bill Kirkman, Darin Klemchuk. (Court Reporter: Monica Guzman) (Plaintiff Exhibit 104 admitted) Time in Court - 05:26. (chmb) (Entered: 10/11/2024) |
| 10/10/2024 | 311 (p.7958) | MOTION for Judgment *as a Matter of Law and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 10/10/2024) |
| 10/10/2024 | 313 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Day #4 Held on 10/10/2024. Attorney Appearances: Plaintiff - Paul Yetter, Cameron Nelson, Bina Palnitkat; Defense - Bill Kirman, Darin Klemchuk, Aaron Tobin. (Court Reporter: Monica Guzman) (No exhibits) Time in Court - 03:59. (chmb) (Entered: 10/15/2024) |
| 10/11/2024 | 314 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Day #5 Held on 10/11/2024. Attorney Appearances: Plaintiff - Paul Yetter, Cameron Nelson, Bina Palnitkat; Defense - Bill Kirkman, Darin Klemchuk, Aaron Tobin. (Court Reporter: Monica Guzman) (No exhibits) Time in Court - 03:10. (chmb) (Entered: 10/15/2024) |
| 10/15/2024 | 315 | |

| | | |
|---|---|---|
| | | ELECTRONIC ORDER denying 311 (p.7958) Motion for Judgment (Ordered by Judge Mark Pittman on 10/15/2024) (chmb)(adf) (Entered: 10/15/2024) |
| 10/15/2024 | 316 (p.7975) | Jury Charge. (wxc) (Entered: 10/15/2024) |
| 10/15/2024 | 317 (p.8007) | Jury Note #1. (wxc) (Entered: 10/15/2024) |
| 10/15/2024 | 318 | ELECTRONIC Minute Entry for proceedings held before Judge Mark Pittman: Jury Trial Completed on 10/15/2024. Jury Verdict rendered. Attorney Appearances: Plaintiff - Paul Yetter, Dee Kelly, Bina Palnitkar, Cameron Nelson; Defense - Bill Kirkman, Aaron Tobin, Darin Klemchuk. (Court Reporter: Monica Guzman) (No exhibits) Time in Court - :09. (chmb) (Entered: 10/16/2024) |
| 10/22/2024 | 319 (p.8008) | STIPULATION *Regarding Briefing Schedule for Entry of Final Judgment* by American Airlines Inc. (Kelly, Dee) (Entered: 10/22/2024) |
| 10/29/2024 | 320 (p.8012) | ORDER APPROVING STIPULATION 319 (p.8008) REGARDING BRIEFING SCHEDULE FOR ENTRY OF FINAL JUDGMENT: Pursuant to the Court's request, Plaintiff American Airlines, Inc. and Defendant Skiplagged, Inc. have agreed to a schedule for submitting briefing to the Court regarding entry of final judgment in this case. Please see order for additional details. (Ordered by Judge Mark Pittman on 10/29/2024) (sre) (Entered: 10/29/2024) |
| 11/06/2024 | 321 (p.8014) | ORDER: the Court ORDERS that the parties confer on or before November 20, 2024, to assess whether an additional in-person mediation would be beneficial to resolve this issue. The Court will gladly assign Judge R.H. Wallace, Magistrate Judge Horan, or another mediator of the parties choosing to conduct the mediation. The Court further ORDERS that the parties are to prepare and submit a joint report regarding their discussions, and, if necessary, their proposed mediator on or before November 22, 2024. (Ordered by Judge Mark Pittman on 11/6/2024) (wxc) (Entered: 11/06/2024) |
| 11/19/2024 | 322 (p.8015) | Joint STATUS REPORT *Advisory Regarding Mediation* filed by American Airlines Inc. (Kelly, Dee) (Entered: 11/19/2024) |
| 12/07/2024 | 323 (p.9838) | Notice of Filing of Official Electronic Transcript of Volume 1 of 8 - Master Index Proceedings held on October 7 - 15, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (24 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | 324 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Volume 2 of 8 - Voir Dire - Sealed Proceedings held on October 7, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. (125 pages) (mwg) (Entered: |

| | | 12/07/2024) |
|---|---|---|
| 12/07/2024 | 325 (p.8875) | Notice of Filing of Official Electronic Transcript of Volume 3 of 8 - Jury Trial Proceedings held on October 7, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (163 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | 326 (p.9039) | Notice of Filing of Official Electronic Transcript of Volume 4 of 8 - Jury Trial Proceedings held on October 8, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (221 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | 327 (p.9261) | Notice of Filing of Official Electronic Transcript of Volume 5 of 8 - Jury Trial Proceedings held on October 9, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (251 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | 328 (p.9513) | Notice of Filing of Official Electronic Transcript of Volume 6 or 8 - Jury Trial Proceedings held on October 10, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the |

| | | |
|---|---|---|
| | | name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (198 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | <u>329</u><br>(p.9712) | Notice of Filing of Official Electronic Transcript of Volume 7 of 8 - Jury Trial Proceedings held on October 11, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (109 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/07/2024 | <u>330</u><br>(p.9822) | Notice of Filing of Official Electronic Transcript of Volume 8 of 8 - Jury Trial Proceedings held on October 15, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (15 pages) Redaction Request due 12/30/2024. Redacted Transcript Deadline set for 1/7/2025. Release of Transcript Restriction set for 3/7/2025. (mwg) (Entered: 12/07/2024) |
| 12/13/2024 | <u>331</u><br>(p.8018) | Joint MOTION to Extend Time Briefing Deadlines filed by American Airlines Inc (Kelly, Dee) (Entered: 12/13/2024) |
| 12/13/2024 | <u>332</u><br>(p.8022) | ORDER: Before the Court is Plaintiff American Airlines, Inc. and Defendant Skiplagged, Inc.'s Joint Motion to Extend Briefing Deadlines. ECF No. <u>331</u><br><u>(p.8018)</u> . Having considered the Motion, relevant docket entries, and applicable law, the Court is of the opinion that the Motion should be and hereby is GRANTED. Accordingly, the Court's Order Approving Stipulation Regarding Briefing Schedule for Entry of Final Judgment (ECF No. <u>320 (p.8012)</u> ) is modified as follows: Each party shall file its original brief on or before January 21, 2025; The parties may file a response to the opposing party's original brief no later than February 10, 2025; and Replies shall not be permitted without request from the Court. (Ordered by Judge Mark Pittman on 12/13/2024) (sre) (Entered: 12/13/2024) |
| 01/21/2025 | <u>333</u><br>(p.8023) | MOTION for Judgment *Under Fed. R. Civ. P. 50(b) and in Support of its Equitable Defenses* filed by Skiplagged, Inc. (Tobin, Aaron) (Entered: 01/21/2025) |

| 01/21/2025 | 334 (p.8026) | Brief/Memorandum in Support filed by Skiplagged, Inc. re 333 (p.8023) MOTION for Judgment *Under Fed. R. Civ. P. 50(b) and in Support of its Equitable Defenses* (Tobin, Aaron) (Entered: 01/21/2025) |
|---|---|---|
| 01/21/2025 | 335 (p.8056) | Appendix in Support filed by Skiplagged, Inc. re 333 (p.8023) MOTION for Judgment *Under Fed. R. Civ. P. 50(b) and in Support of its Equitable Defenses*, 334 (p.8026) Brief/Memorandum in Support of Motion (Tobin, Aaron) (Entered: 01/21/2025) |
| 01/21/2025 | 336 (p.8159) | MOTION for Judgment *Entry of Judgment, Judgment as a Matter of Law, Findings of Equitable Issues, Reconsideration, or Alternatively for New Trial and Brief in Support* filed by American Airlines Inc with Brief/Memorandum in Support. (Kelly, Dee) (Entered: 01/21/2025) |
| 01/21/2025 | 337 (p.8193) | Appendix in Support filed by American Airlines Inc re 336 (p.8159) MOTION for Judgment *Entry of Judgment, Judgment as a Matter of Law, Findings of Equitable Issues, Reconsideration, or Alternatively for New Trial and Brief in Support* (Kelly, Dee) (Entered: 01/21/2025) |
| 02/10/2025 | 338 (p.8214) | RESPONSE filed by Skiplagged, Inc. re: 336 (p.8159) MOTION for Judgment *Entry of Judgment, Judgment as a Matter of Law, Findings of Equitable Issues, Reconsideration, or Alternatively for New Trial and Brief in Support* (Tobin, Aaron) (Entered: 02/10/2025) |
| 02/10/2025 | 339 (p.8247) | Appendix in Support filed by Skiplagged, Inc. re 338 (p.8214) Response/Objection (Tobin, Aaron) (Entered: 02/10/2025) |
| 02/10/2025 | 340 (p.8457) | RESPONSE filed by American Airlines Inc re: 333 (p.8023) MOTION for Judgment *Under Fed. R. Civ. P. 50(b) and in Support of its Equitable Defenses* (Kelly, Dee) (Entered: 02/10/2025) |
| 02/14/2025 | 341 (p.8490) | Supplemental Document by Skiplagged, Inc. as to 333 (p.8023) MOTION for Judgment *Under Fed. R. Civ. P. 50(b) and in Support of its Equitable Defenses* . (Attachments: # 1 (p.40) Proposed Order) (Tobin, Aaron) (Entered: 02/14/2025) |
| 02/17/2025 | 342 (p.8495) | Unopposed MOTION for Leave to File Submit Supplemental Authority filed by American Airlines Inc (Kelly, Dee) (Entered: 02/17/2025) |
| 02/18/2025 | 343 | ELECTRONIC ORDER granting 342 (p.8495) Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Mark Pittman on 2/18/2025) (chmb) (Entered: 02/18/2025) |
| 02/18/2025 | 344 (p.8521) | Supplemental Authority filed by American Airlines Inc (wxc) (Entered: 02/18/2025) |
| 05/06/2025 | 345 (p.8544) | MEMORANDUM OPINION & ORDER: It is ORDERED that American's 336 (p.8159) Motion is GRANTED as to entering judgment on the Jury's damages finding, its motion for pre-judgement interest and costs, and its motion for permanent injunction; and DENIED as to all other issues. Skiplagged's 333 (p.8023) Motion is GRANTED as to the upholding of the Jury's findings of fair use and failure to mitigate and DENIED as to all other issues. It is further ORDERED that American shall submit its application for interest and costs on or before May 20, 2025, and Skiplagged's Response, if any, shall be filed on or before May 27, 2025. (Ordered by Judge Mark Pittman on 5/6/2025) (hcc) (Entered: 05/06/2025) |

| 05/20/2025 | 346 (p.8551) | BILL OF COSTS *Plaintiff's Application for Interest and Costs* by American Airlines Inc. (Kelly, Dee) (Entered: 05/20/2025) |
|---|---|---|
| 05/20/2025 | 347 (p.8559) | Appendix in Support filed by American Airlines Inc re 346 (p.8551) Bill of Costs *Plaintiff's Application for Interest and Costs* (Attachments: # 1 (p.40) Exhibit(s) to Appendix) (Kelly, Dee) (Entered: 05/20/2025) |
| 05/23/2025 | 348 (p.8613) | MOTION for Extension of Time to File Response/Reply to 346 (p.8551) Bill of Costs filed by Skiplagged, Inc. (Tobin, Aaron) (Entered: 05/23/2025) |
| 05/23/2025 | 349 | ELECTRONIC ORDER granting 348 (p.8613) Motion to Extend Time to File Response/Reply. Defendant's unopposed motion to extend time to file response is extended to May 30, 2025. (Ordered by Judge Mark Pittman on 5/23/2025) (chmb) (Entered: 05/23/2025) |
| 05/30/2025 | 350 (p.8616) | RESPONSE filed by Skiplagged, Inc. re: 346 (p.8551) Bill of Costs (Tobin, Aaron) (Entered: 05/30/2025) |
| 05/30/2025 | 351 (p.8622) | Appendix in Support filed by Skiplagged, Inc. re 350 (p.8616) Response/Objection (Tobin, Aaron) (Entered: 05/30/2025) |
| 06/05/2025 | 352 (p.8627) | NOTICE OF INTERLOCUTORY APPEAL as to 345 (p.8544) Memorandum Opinion and Order,, to the Fifth Circuit by American Airlines Inc. Filing fee $605, receipt number ATXNDC-15555737. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Kelly, Dee) (Entered: 06/05/2025) |
| 06/16/2025 | 353 (p.8630) | ORDER: Pending before the Court is Plaintiff's 346 (p.8551) Application for Interest and Costs. The Court GRANTS Plaintiff's Application for Interest and Costs. (Ordered by Judge Mark Pittman on 6/16/2025) (see order for specifics) (mmw) (Entered: 06/16/2025) |
| 06/16/2025 | 354 (p.8631) | FINAL JUDGMENT: The Court ORDERS: 1. Skiplagged, Inc. (Skiplagged) pays $9.4 million in damages to American Airlines, Inc. (American). ECF No. 345 (p.8544) ; 2. Skiplagged pays interests and costs to American, in accordance with the Court's order entered on June 16, 2025. ECF No. 353 (p.8630) ; 3. Skiplagged is permanently enjoined from displaying American's copyrights on its website. ECF No. 345 (p.8544) ; 4. American's False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a) claim is DISMISSED without prejudice, in accordance with the Court's order entered on October 4, 2024. ECF No. 303 . Pursuant to LR 79.2 and LCrR 55.2, exhibits may be claimed during the 60-day period following final disposition (to do so, follow the procedures found at Exhibit Guide). The clerk will discard exhibits that remain unclaimed after the 60-day period without additional notice. (Clerk to notice any party not electronically noticed.) The clerk will prepare the final Report to the Patent/Trademark or Copyright Office. (Ordered by Judge Mark Pittman on 6/16/2025) (mmw) (Entered: 06/16/2025) |

| 06/16/2025 | 355 (p.8632) | Report to Patent/Trademark Office of Final Order. Form AO 120 e-mailed to notice_of_suit@uspto.gov. (mmw) (Entered: 06/16/2025) |
|---|---|---|
| 06/16/2025 | 356 (p.8633) | AMENDED NOTICE OF APPEAL by American Airlines Inc. as to 354 (p.8631) Judgment, 352 (p.8627) Notice of Appeal, to the Fifth Circuit by American Airlines Inc. Filing fee $605, Receipt No. 400004714. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Kelly, Dee) Modified Amended Notice of Appeal on 6/17/2025 (tle). Modified added Fee & Receipt Number on 6/18/2025 (tle). (Entered: 06/16/2025) |
| 06/18/2025 | 357 (p.8636) | NOTICE OF APPEAL as to 354 (p.8631) Judgment,,,, 199 (p.3819) Memorandum Opinion and Order,, 353 (p.8630) Order, 345 (p.8544) Memorandum Opinion and Order,, 52 (p.1046) Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Transfer Case Out of District/Division to the Fifth Circuit by Skiplagged, Inc.. Filing fee $605, receipt number ATXNDC-15585977. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Tobin, Aaron) (Entered: 06/18/2025) |
| 06/18/2025 | 358 (p.8639) | Received letter from United States Court of Appeals 5th Circuit No. 25-10703. We have docketed the appeal and ask you to use the case number above in future inquiries. (tle) (Entered: 06/18/2025) |
| 06/23/2025 | | Confirmation of receipt of payment from Kelly Hart & Hallman LLP in the amount of $605.00. Transaction posted on 6/18/2025. Receipt number 400004714 processed by jp. (ali) Lifted restriction on 6/23/2025 (ali). (Entered: 06/23/2025) |
| 07/02/2025 | 359 (p.8643) | ORDER: Having reviewed the record in this case, the Clerk of Court is unable to locate the record evidence from trial. Accordingly, the Court ORDERS that the parties confer on or before July 16, 2025, and submit an agreed upon version of the trial exhibits. (Ordered by Judge Mark Pittman on 7/2/2025) (hcc) (Entered: 07/02/2025) |
| 07/02/2025 | 360 (p.8644) | Transcript Order Form: transcript requested by American Airlines Inc for American's First Motion to Compel held 12/19/23, Pretrial Conference held 10/3/24 (Court Reporter: Monica Guzman.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Hubbard, Caitlyn) (Entered: 07/02/2025) |

| 07/14/2025 | 361 (p.8647) | Notice of Filing of Official Electronic Transcript of Motion to Compel Proceedings held on 12/19/2023 before Judge Hal R. Ray, Jr.. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their <u>duty to review</u> the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (56 pages). Redaction Request due 8/4/2025. Redacted Transcript Deadline set for 8/14/2025. Release of Transcript Restriction set for 10/14/2025. (Rehling, Kathy) (Entered: 07/14/2025) |
| --- | --- | --- |
| 07/16/2025 | 362 | ***RE-DOCKETED AS <u>372 (p.9989)</u> ***Exhibit List *Index of Admitted Trial Exhibits* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX001-PX006, PX008-PX011, PX013, PX015) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 363 | ***RE-DOCKETED AS <u>373 (p.10103)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 2* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX016-PX020) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 364 | ***RE-DOCKETED AS <u>374 (p.10205)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 3* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX021, PX023-PX028) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 365 | ***RE-DOCKETED AS <u>375 (p.10424)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 4* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX029-PX034, PX036, PX045, PX046, PX056, PX063, PX067, PX071, PX076, PX078, PX080, PX92-PX104, PX114-PX133, PX135-PX136) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 366 | ***RE-DOCKETED AS <u>376 (p.10634)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 5* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX142-PX148, PX150-PX166) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 367 | ***RE-DOCKETED AS <u>377 (p.10776)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 6* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) PX167, PX169-PX182, PX184, PX185) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 368 | ***RE-DOCKETED AS <u>378 (p.10895)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 7* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) DX1-DX11, DX13-DX15) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/16/2025 | 369 | ***RE-DOCKETED AS <u>379 (p.11066)</u> ***Exhibit List *Index of Admitted Trial Exhibits, Part 8* by American Airlines Inc. (Attachments: # <u>1 (p.40)</u> Exhibit(s) DX16-DX34, DX36-DX44) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |

| 07/16/2025 | 370 | ***RE-DOCKETED AS 380 (p.11224) ***Exhibit List *Index of Admitted Trial Exhibits, Part 9* by American Airlines Inc. (Attachments: # 1 (p.40) Exhibit(s) DX45, DX47-DX54) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
|---|---|---|
| 07/16/2025 | 371 | ***RE-DOCKETED AS 381 (p.11345) ***Exhibit List *Index of Admitted Trial Exhibits, Part 10* by American Airlines Inc. (Attachments: # 1 (p.40) Exhibit(s) DX55-DX63, DX68, DX69, DX71) (Wisenberg, Julia) Modified on 8/8/2025 (tle). (Entered: 07/16/2025) |
| 07/22/2025 | 372 (p.9989) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 1* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX001-PX006, PX008-PX011, PX013, PX015) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 373 (p.10103) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 2* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX016-PX020) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 374 (p.10205) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 3* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX021, PX023-PX028) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 375 (p.10424) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 4* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX029-PX034, PX036, PX045, PX046, PX056, PX063, PX067, PX071, PX076, PX078, PX080, PX92-PX104, PX114-PX133, PX135, PX136) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 376 (p.10634) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 5* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX142-PX148, PX150-PX166) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 377 (p.10776) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 6* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) PX167, PX169-PX182, PX184, PX185) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 378 (p.10895) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 7* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) DX1-DX11, DX13-DX15) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 379 (p.11066) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 8* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's |

| | | office. (Attachments: # 1 (p.40) Exhibit(s) DX16-DX34, DX36-DX44) (Wisenberg, Julia) (Entered: 07/22/2025) |
|---|---|---|
| 07/22/2025 | 380 (p.11224) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 9* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) DX45, DX47-DX54) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 381 (p.11345) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 352 (p.8627) , 356 (p.8633) Notice of Appeal, *Index of Admitted Trial Exhibits, Part 10* filed by American Airlines Inc. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.40) Exhibit(s) DX55-DX63, DX68, DX69, DX71) (Wisenberg, Julia) (Entered: 07/22/2025) |
| 07/22/2025 | 382 (p.8836) | Notice of Filing of Official Electronic Transcript of Pretrial Conference Proceedings held on October 4, 2024 before Judge Mark T. Pittman. Court Reporter/Transcriber Monica Guzman, Telephone number 817-850-6681 or mguzman.csr@yahoo.com. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (38 pages) Redaction Request due 8/12/2025. Redacted Transcript Deadline set for 8/22/2025. Release of Transcript Restriction set for 10/20/2025. (mwg) (Entered: 07/22/2025) |
| 07/23/2025 | 383 (p.8646) | Notice of Manual Filing of Exhibits on enclosed USB by American Airlines Inc re 356 (p.8633) Amended Document, 352 (p.8627) Notice of Appeal, 359 (p.8643) Order Setting Deadline/Hearing. Provided slip sheets for the following exhibits: PX008, PX031 (two files), PX104 (two files), PXl 14 - PX122, PX163, DX34, and DX59 - DX63. Pursuant to the instructions of the Clerk's Office, enclosed herein is a USB drive that contains electronic copies of those admitted trial exhibits which the parties were not able to upload to the ECF filing system. [USCA5 Appeal No. 25-10703] (tle) (Entered: 07/23/2025) |

Tab 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## AMENDED NOTICE OF APPEAL

Pursuant to Federal Rules of Appellate Procedure 3 and 4 and 28 U.S.C. § 1291, Plaintiff American Airlines, Inc. appeals to the United States Court of Appeals for the Fifth Circuit from the June 16, 2025 Final Judgment (ECF No. 354) and, without limitation:

- any adverse interlocutory orders merged into or preceding the Final Judgment, including the July 31, 2024 Memorandum Opinion & Order (ECF No. 199); and

- the May 6, 2025 Memorandum Opinion & Order (ECF No. 345).

Dated: June 16, 2025

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
(202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

Tab 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 5 2024

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**AMERICAN AIRLINES, INC.,**

Plaintiff,

v.

**No. 4:23-cv-00860-P**

**SKIPLAGGED, INC.,**

Defendant.

## JURY CHARGE
## GENERAL INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You will hear the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions by a preponderance of the evidence. This means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.

Plaintiff American Airlines, Inc. has the burden of proving its case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so, which means the greater weight of credible evidence presented in this case. If you find that American Airlines has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim. A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. In determining the weight to give to

2

25-10703.7976

the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the

25-10703.7977

witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the

4

existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. You are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the

25-10703.7979

notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

6

## INSTRUCTIONS FOR ANSWERING QUESTIONS

Bias, prejudice, or sympathy may not play any part in your deliberation. A corporation and all other persons are equal under the law and must be treated as equals in a court of law.

Do not consider questions that ask you to provide an amount of damages unless you answered "yes" to a previous question that prompts you to provide an amount of damages.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer simply because of your answer to any other question about damages. Do not answer based on a speculation about what any party's ultimate recovery may or may not be. Any recovery will be ultimately approved by the Court when it applies the law to your answers at the time of judgment. Do not add any amount of interest to any of your answers on damages, if any. Answer in dollars and cents, if any.

7

# QUESTIONS

## CLAIM 1: COPYRIGHT INFRINGEMENT

The Court has previously ruled that Skiplagged is liable to American Airlines on its claim of copyright infringement. However, you must determine American Airlines' damages from Skiplagged's copyright infringement. American Airlines is entitled to recover the actual damages suffered as a result of the infringement. In addition, American is also entitled to recover any profits of the defendant attributable to the infringement. To prove damages, American Airlines must show by a preponderance of the evidence that but for Skiplagged's infringement, American Airlines would not have suffered the losses claimed.

Actual damages means the amount of money adequate to compensate American Airlines for the reduction of the fair market value of its copyrighted work caused by the infringement. In determining actual damages, you should consider the following:

1) The amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for Skiplagged's actual use of American Airlines' copyrighted work; and

2) The profits American Airlines should have received for any sales lost because of the infringement. Profits are the gross revenue American Airlines would have made on sales that did not occur because of the infringement minus additional expenses American Airlines would have incurred in making those sales.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find Skiplagged is liable, and American Airlines has suffered damages, American Airlines may not recover for any item of damage which it could have avoided through reasonable effort. If you find that Skiplagged proved by a preponderance of the evidence that

8

25-10703.7982

American Airlines unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny its recovery for those damages that it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether American Airlines acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, a plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Skiplagged has the burden of proving the damages that American Airlines could have mitigated. In deciding whether to reduce American Airlines' damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Skiplagged has satisfied its burden of proving that American Airlines' conduct was not reasonable.

In addition to actual damages, American Airlines is entitled to any profits of Skiplagged attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Skiplagged's profits only if you find that American Airlines showed a causal nexus between the infringement and Skiplagged's gross revenue.

Skiplagged's profit is determined by subtracting all expenses from its gross revenue attributable to the infringement.

Skiplagged's gross revenue is all of its receipts from the sale of products and services associated with the infringement. American Airlines has the burden of proving Skiplagged's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and/or production costs incurred in producing Skiplagged's gross revenue associated with the infringement. Skiplagged has the burden of proving its expenses by a preponderance of the evidence.

25-10703.7983

Unless you find that a portion of the profit generated from Skiplagged's sale of products and services associated with the infringement is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. Skiplagged has the burden of proving the portion or percentage of the profit, if any, attributable to factors other than copying or infringing American Airlines' copyrighted work.

**Question No. 1:** What amount of actual damages, if any, did American Airlines prove, by a preponderance of the evidence, that it is entitled to recover as a result of Skiplagged's copyright infringement? Please answer in dollars and cents.

Answer: $ 19,000,000.00

*If you answer Question 1 with an amount greater than $0 then answer Question 2. If not proceed to Question 4.*

**Question No. 2:** Did Skiplagged prove by a preponderance of the evidence that American Airlines failed to mitigate its copyright infringement actual damages?

Answer "Yes" or "No": Yes

*If you answer Question 2 "Yes" then answer Question 3. If you answer "No" proceed to Question 4.*

**Question No. 3:** What amount of copyright infringement actual damages did American Airlines fail to mitigate through the exercise of reasonable diligence? Please answer in dollars and cents.

Answer: $ 14,300,000.00

*Proceed to Question 4.*

25-10703.7984

**Question No. 4:** What amount of Skiplagged's profits do you find American Airlines is entitled to recover as a result of Skiplagged's copyright infringement?  Please answer in dollars and cents.

Answer: $ 4,700,000.00

***Please proceed to Question 5.***

### CLAIM 2: TRADEMARK INFRINGEMENT

American Airlines also claims in this case that it owns certain registered trademarks.  Those trademarks are: (1) two-word trademarks for the words "AMERICAN AIRLINES"; (2) two trademarks on American Airlines' Flight Symbol logos,  and  ; and (3) a combined word and design mark for "American" with its associated Flight Symbol logo, .

American Airlines claims that Skiplagged committed trademark infringement by using the registered trademarks owned by American Airlines. American Airlines' claims arise under federal law.

American Airlines claims that, by using its registered trademarks in connection with providing travel reservation services, providing information in the field of travel, and providing computer applications software for mobile devices, Skiplagged infringed each of American Airlines' trademarks for the word mark "AMERICAN AIRLINES," for

11

its Flight Symbol logo marks  and , and for its combined word

and design mark, "American" with its Flight Symbol logo .

The purposes of trademark law are to secure to the owner of the mark the goodwill of its business and to protect the ability of consumers to distinguish among competing producers. The central question in trademark law is the likelihood of consumer confusion.

Ownership of a trademark is established by use of the trademark and does not need to be registered in order to obtain protection. A trademark is any word, name, symbol, device or any combination of these things, used by a person or corporation to identify and distinguish its goods or services from those sold by others and to indicate the source of the goods or services, even if that source is unknown to the consumer. If through use, the word or design comes to symbolize a person's or corporation's product or service in the public mind, that person or corporation acquires a property right in the mark.

American Airlines bears the burden of proving by a preponderance of the evidence that it has acquired property rights in each trademark it asserts in this case before there can be infringement of that trademark. A trademark need not, but can be, registered with the United States Patent and Trademark Office. This is called a United States or federal trademark registration. A federal trademark registration is evidence of

12

25-10703.7986

the registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the registration.

American Airlines asserts that it is the owner of the following five trademarks and corresponding U.S. Trademark Registrations:

1)    The word trademark, "AMERICAN AIRLINES". American Airlines claims rights to this trademark under federal law. American owns two federal trademark registrations for this name mark. American Airlines' federal trademark for the word mark "American Airlines" specifies the goods and services associated with this mark as:

   a.   "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, providing information in the field of travel by means of a global computer network; etc." (Int'l Class 09); and

   b.   "computer application software for mobile devices and handheld computers, namely, software for providing information in the fields of travel, transportation and loyalty award

13

programs; computer application software for mobile devices; computer application software for mobile devices and handheld computers, namely, software for ticketing passengers, checking reservations, and checking flight status" (Int'l Class 39).

2)     The logo trademark, American Flight Symbol (in color) . American Airlines claims rights to this trademark under federal law. American Airlines owns a federal trademark registration for this mark. American Airlines' federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transportation of passengers, cargo, and freight; providing travel agency services, namely, providing transportation reservation services for others, air transportation reservation services for others, etc. by means of a global computer network; providing information in the field of travel by means of a global computer network." (Int'l Class 39).

3)     The logo trademark, American Flight Symbol (black and white) . American Airlines claims rights to this

14

25-10703.7988

trademark under federal law. American Airlines owns a federal trademark registration for this mark. American Airlines' federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, air transportation reservation services for others, ground support services in the field of air transportation, namely, marking, sorting, loading, unloading, transfer, and transit of cargo and passengers' luggage; providing information concerning cargo and passengers' luggage in transit and delivery; air travel passenger ticketing and check-in services; booking and providing ancillary travel services, namely, making reservations in the nature of seat selection, baggage check-in; airport ramp services, namely, transfer of checked baggage to aircraft; airport ramp services, namely, transfer of carry-on baggage to aircraft; airline services, etc." (Int'l Class 39).

4)      The combined word and symbol trademark, "American" with Flight Symbol logo  .
American Airlines claims rights to this trademark under

25-10703.7989

federal law. American Airlines owns a federal trademark registration for this mark. American's federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, air transportation reservation services for others, and vacation reservation services by means of a global computer network, namely, coordinating travel arrangements for individuals and for groups; providing information in the field of travel by means of a global computer network." (Int'l Class 39)

To prevail on its claims against Skiplagged, American must prove by a preponderance of the evidence that Skiplagged's use of American Airlines' marks creates a likelihood of confusion in the minds of potential consumers as to the source, affiliation, or sponsorship of the products and services offered by Skiplagged. Likelihood of confusion means a probability of confusion, which is more than a mere possibility of confusion.

In determining whether American has proven by a preponderance of the evidence that there is a likelihood of confusion with respect to the

16

source, affiliation, or sponsorship of the products and services offered by Skiplagged, you should consider the following factors, known as "digits of confusion," separately as to each allegedly infringed mark:

1) The type and strength of American's marks;

2) The similarity between American's marks and the marks used by Skiplagged;

3) The similarity of products and services supplied by American and the products and services supplied by Skiplagged while using American's marks;

4) The identity of retail outlets and purchasers of American's and Skiplagged's products and services;

5) The identity of advertising media used by American and Skiplagged;

6) Skiplagged's intent in using American's marks;

7) Evidence of actual confusion caused by Skiplagged's use of American's marks; and

8) The degree of care exercised by potential purchasers.

The weight to be given to the factors depends on the facts and circumstances of each case. The absence or presence of any one of the digits does not determine whether there is, or is not, a likelihood of confusion. In some cases, a jury may find a likelihood of confusion even

17

25-10703.7991

if you find less than a majority of the factors. In other cases, a jury may find no likelihood of confusion even if it finds less than a majority of the factors. These digits of confusion are flexible and do not apply mechanically or to every case. They serve only as guides, not an exact calculus. You must consider the application of each digit in light of the specific facts and circumstances of evidence in this case, and you must consider the marks in the context that a consumer perceives them in the marketplace.

You may determine how much weight to give each factor. I will discuss each of these factors in turn.

The first digit of confusion for you to consider is the strength of American Airlines' trademarks. The strength or distinctiveness of a mark determines the amount of protection the mark receives. Generally, the stronger the mark, the greater the likelihood that consumers will be confused by competing uses of the mark.

A mark's strength depends on: (1) the categorization or type of mark, and (2) the mark's recognition in the marketplace.

Trademarks can be categorized along the following range of generally increasing strength or distinctiveness: generic, descriptive, suggestive, arbitrary, or fanciful. Generic marks are the least distinctive and fanciful marks are the most distinctive.

18

The stronger or more distinctive the mark, the greater the likelihood that consumers will be confused and the more protection it receives. The last three categories of marks—suggestive, arbitrary and fanciful—are considered inherently distinctive and are entitled to protection without a showing that the marks have secondary meaning. Suggestive marks are marks that suggest an attribute of a good or service without describing it. These marks require the consumer to exercise his or her imagination to apply the trademark to the goods or services. Arbitrary marks are marks that use ordinary words that do not suggest or describe the goods or services involved. Fanciful marks are most often coined words.

A plaintiff can show that a mark is strongly recognized in the marketplace based on extensive advertising, length of time in business, public recognition, uniqueness, and the quantity of sales of the branded products.

A strong trademark is one that consumers are likely to associate with the owner of the mark and is rarely used by parties other than the trademark owner, while a weak trademark is one that is not well recognized or is often used by other parties. In short, the more distinctive a trademark, the greater its strength.

A trademark's strength is important in determining the scope of protection that it receives. The greater the number of identical or similar

19

trademarks already used on different kinds of goods or services by others, the weaker the trademark and the lower the likelihood of confusion. You should consider all third-party use and third-party U.S. trademark registrations, and not just use in the same industry, to determine whether a mark is weak or strong. A mark that is widely used on a variety of commercial goods and services by others is a weaker mark and entitled to a narrower range of protection.

The second digit, or factor, you may use in analyzing the likelihood of confusion is the similarity of American Airlines' marks to the marks used by Skiplagged.

The similarity of marks is determined by comparing their appearance and meaning. This factor focuses not on whether the marks are identical, but on whether they are sufficiently similar that consumers are likely to believe that American Airlines' product is somehow associated with Skiplagged. A mark must be viewed in its entirety and in the context in which it is used in the marketplace, including how and where it is used on product packaging, labeling, and advertising. It is the overall impression of the mark that counts. You should not dissect the marks to compare individual features. Although more attention should be given to the dominant portion of the marks, the use of the same dominant words does not automatically equate to similarity between the marks. Similarity of appearance is determined

20

on the basis of the total effect of the trademark, rather than on a comparison of individual features.

The third digit, or factor, to consider in analyzing likelihood of confusion is the similarity between the parties' respective products and services. The greater the similarity between the parties' products or services, the greater the likelihood of confusion. Competition between the parties' products or services is not necessary for consumers to confuse them. When a company is diversified, that is, offers a number of different goods and services, that makes it more likely that a potential consumer would associate a non-diversified company's services with the diversified company. Even when products or services do not compete, there can be confusion as to sponsorship, affiliation, or connection.

The fourth digit to consider in analyzing likelihood of confusion is whether there is overlap between the parties' retail outlets and consumers. The greater the overlap between the parties' retail outlets and consumers, the greater the likelihood of confusion. On the other hand, dissimilarities between the retail outlets for, and the primary consumers of, plaintiff's and defendants' goods lessen the possibility of confusion, mistake, or deception.

The fifth digit to consider in analyzing likelihood of confusion is whether the parties use the same advertising media, such as websites,

21

25-10703.7995

social media, etc. The greater the similarity of advertising media, the greater the likelihood of confusion.

The sixth digit to consider in analyzing likelihood of confusion is whether Skiplagged intended to derive benefit from the reputation of American Airlines and/or American Airlines' products and services.

Evidence that Skiplagged adopted or used American Airlines' mark(s) with the intent to derive a benefit from the reputation of American Airlines' products and services is evidence of a likelihood of confusion. But a defendant's mere awareness of the plaintiff's existing mark does not establish bad intent.

Even if Skiplagged used American Airlines' marks with innocent intent, you may find intent to confuse if Skiplagged subsequently used the marks in a way that evidenced an intent to trade on American's reputation. Bad faith in adopting and using a trademark normally involves the imitation of packaging material, use of identical code numbers, adopting of similar distribution methods, or other efforts by a party to "pass off" its product as that of another. If there is no evidence of intent to confuse, this factor is neutral.

The seventh digit to consider in analyzing likelihood of confusion is evidence of actual confusion or mistake as to the source, affiliation, or sponsorship of Skiplagged's products and services. Actual confusion need not be proven but may be the best evidence of likelihood of

22

confusion. There may be actual confusion if people inadvertently contact Skiplagged while looking to do business with or contact American Airlines (or vice versa), or if people are confused about whether Skiplagged is affiliated with American Airlines.

In determining the weight to be given to this factor, you should consider the extent to which the type of confusion shown has been or would be likely to sway consumer purchases. Evidence that confusion in fact swayed consumer purchases is strong evidence of a likelihood of confusion. However, more evidence is required to show a likelihood of confusion when the type of confusion shown did not or cannot sway purchases.

Actual confusion has more weight if it affects a potential consumer considering whether to transact business with American Airlines or Skiplagged. To show actual confusion, American Airlines may rely on reported instances of consumer confusion. However, isolated instances of confusion about the affiliation of two companies that do not result in redirected business are not enough to find actual confusion. Instances of uncertainty about affiliation or connection should be weighed against each party's volume of business as a whole. The confusion of both retailers and consumers is relevant evidence of actual confusion.

Actual confusion evidence can demonstrate a likelihood of confusion even if confused persons realize their mistake after further

23

investigation. This is called "initial interest" confusion. A potential consumer may not consider American Airlines' trademarked goods or services even if the confusion with Skiplagged's goods or services is cleared up. Skiplagged may have gained the consumer's credibility and obtained the business before or after the confusion is cleared. However, short-lived impressions or a fleeting and quickly corrected mix-up of names is not evidence of actual confusion.

The eighth digit to consider in analyzing likelihood of confusion is the degree of care exercised by purchasers. Confusion is generally more likely if the products in question are impulse items or are inexpensive. Conversely, a person buying a big-ticket or expensive item is ordinarily expected to be a more careful buyer than the impulse purchaser or the purchaser of a relatively inexpensive item. If there is evidence that consumers use a great deal of care when making purchasing decisions, then they may be less likely to be confused. If the items are expensive and the buyers are sophisticated, then confusion is less likely to occur.

However, even sophisticated purchasers can be confused by similar marks used in the same general field. Additionally, even sophisticated purchasers can be subject to initial-interest confusion. Initial-interest confusion is especially relevant if the parties are direct competitors in the same market.

25-10703.7998

As I told you earlier, it is up to you to determine how to weigh each digit in determining if American Airlines has proved by a preponderance of evidence there is a likelihood of confusion. You do not need to give equal weight to each factor. You must weigh the digits separately for each of the trademarks asserted by American Airlines.

If you find that Skiplagged infringed American Airlines' marks by using American Airlines' marks, you must also determine whether American Airlines has proven that Skiplagged acted willfully at the time it used the marks. Trademark infringement is willful if it is done voluntarily and intentionally and with the specific intent to cause the likelihood of consumer confusion as to the source of goods or services and with the intent to cause confusion, cause mistake, or to deceive. Willful blindness is equivalent to actual knowledge. To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate.

If you find that Skiplagged infringed American Airline's trademark rights, you must then determine what damages American Airlines is entitled to recover from Skiplagged.  In this case, American Airlines seeks actual damages and damages from Skiplagged in the form of profits attributable to Skiplagged's alleged infringement.

You should not conclude from the fact that I am instructing you about damages that I have any opinion as to whether American Airlines has proved liability against Skiplagged. It is your task first to decide

25-10703.7999

whether Skiplagged is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Skiplagged is liable, and that American Airlines is entitled to recover money from Skiplagged for infringement.

If you find for American Airlines on its Trademark infringement claim, you must determine American's actual damages. To recover actual damages, American Airlines has the burden of proving, by a preponderance of the evidence, a direct injury to American Airlines and causation of that harm. An actual damages award must be attributable to the infringement.

If you find that American Airlines proved actual damages, you may make reasonable inferences from the evidence to calculate the amount of damages. Damages means the amount of money which will reasonably and fairly compensate American Airlines for any injury and/or damage you find was caused by Skiplagged's infringement of American Airlines' registered trademarks.

You should consider the following:

1)     The injury to American Airlines' reputation;

2)     The injury to American Airlines' goodwill, including injury to American's general business reputation;

3)     The lost profits that American Airlines would have earned but for Skiplagged's infringement. Profit is determined by deducting all expenses from gross revenue;

26

4)   The expense of preventing customers from being deceived; and

5)   The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of American Airlines' marks at the time of the infringement by Skiplagged.

Skiplagged claims that its use of American Airlines' trademarks is permitted because Skiplagged made nominative fair use of the trademark. To succeed on this defense, Skiplagged must prove the following three things by a preponderance of the evidence:

1)   Skiplagged used the trademark to refer to a product of American Airlines that cannot be easily identified without using the trademark;

2)   Skiplagged used the trademark only as much as was reasonably necessary to identify the product or service; and

3)   Skiplagged did not do anything in connection with using the trademark to suggest that American Airlines sponsored or endorsed Skiplagged or its product.

A product or service cannot be easily identified without using the trademark if there are no equally informative words to identify the product, or there is no other effective way to compare, criticize, refer to

25-10703.8001

or identify it without using the trademark. A reasonably necessary use of a trademark occurs when the trademark is used no more prominently than is needed to identify the product or service and enable consumers to understand the reference. Skiplagged's use of American Airlines' trademarks to compete with American Airlines, or to make a profit, does not by itself prevent Skiplagged from proving nominative fair use.

**Question No. 5:** Did American Airlines prove by a preponderance of the evidence that the following registered trademarks are valid and protectible?



"AMERICAN AIRLINES"





American

Answer "Yes" or "No."

Answer: Yes

*If you answered "Yes" to Question 5, then answer Question 6. If you answered "No" then stop.*

28

25-10703.8002

**Question No. 6:** Did American prove by a preponderance of the evidence that American owns the following valid trademarks?

"AMERICAN
AIRLINES"





American

Answer "Yes" or "No": ___Yes___

***If you answered "Yes" to Question 6, then answer Question 7.
If you answered "No" then stop.***

**Question No. 7:** Did American Airlines prove by a preponderance of the evidence that Skiplagged used American Airlines' trademarks in a way that is likely to cause confusion as to source, affiliation, or sponsorship?

Answer "Yes" or "No."

Answer: ___Yes___

***If you answered "Yes" to Question 7, then answer Question 8.
If you answered "No" then stop.***

29

25-10703.8003

**Question No. 8:** Did Skiplagged prove by a preponderance of the evidence that its use of American's trademarks was a nominative fair use?

     Answer "Yes" or "No."

     Answer: ____Yes_____

    ***If you answered "Yes" to Question 8, then stop. If you answer "No" answer Question 9.***

**Question No. 9:** Did American Airlines prove by a preponderance of the evidence that Skiplagged acted willfully when it used American Airlines' trademarks?

     Answer "Yes" or "No."

     Answer: _____

    ***If you answered "Yes" to Question 7 and you answered "No" to Question 8, then answer Question 10. Otherwise stop.***

**Question No. 10:** What amount of actual damages did American prove, by a preponderance of the evidence, that it is entitled to recover as a result of Skiplagged's trademark infringement? Please answer in dollars and cents.

     Answer: $_____

    ***If you answer Question 10 with an amount greater than $0 then answer Question 11. If not stop.***

25-10703.8004

**Question No. 11:** Did Skiplagged prove by a preponderance of the evidence that American Airlines failed to mitigate its trademark infringement actual damages?

Answer "Yes" or "No": _____

*If you answer "Yes" to Question 11 then answer Question 12. If not stop.*

**Question No. 12:** What amount of trademark infringement actual damages did American Airlines fail to mitigate through the exercise of reasonable diligence? Please answer in dollars and cents.

Answer: $_____

Signed: October 11, 2024
at 12:43 P.M

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

25-10703.8005

## CERTIFICATION

We, the jury, unanimously agree to the foregoing questions and return this form as our verdict in this case.

*The Foreperson must sign and date this Verdict Form and inform the bailiff that the jury has reached a verdict. The verdict is not final until accepted by the Court.*

████████████████████        10/15/2024

Signature of Foreperson          Date

32

Tab 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AMERICAN AIRLINES, INC.,

    Plaintiff,

v.                                                    No. 4:23-cv-0860-P

SKIPLAGGED, INC.,

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Skiplagged's Motion for Summary Judgment (ECF No. 150) and Plaintiff American Airlines' Cross-Motion for Partial Summary Judgment. ECF No. 154. Having considered the Motions, briefs, evidence of record, and applicable legal authorities, the Court concludes both Motions should be and hereby are **GRANTED in part** and **DENIED in part** as set forth below.

## BACKGROUND

Skiplagged is a national, internet-based travel logistics company. American doesn't really need an introduction.

This suit arises out of Skiplagged's somewhat dubious business model and practices. In short, Skiplagged offers customers discounted airline tickets through a loophole that the industry calls "hidden-city ticketing." Simply put, it's often less expensive to buy a ticket to a city you don't intend to visit with a layover in your actual intended destination (for example, a ticket from Dallas to New York with a layover in Charlotte may be cheaper than a ticket straight from Dallas to Charlotte). So, the passenger purchases a ticket to a certain destination, abandons their route when they arrive at the layover, and considers it a great deal.

Skiplagged peddles these "hidden-city" tickets, and its platform facilitates the process by booking directly on the websites of major

airlines like American while disguised as the underlying consumer. Once a customer books a ticket advertised by Skiplagged, things are up to them and American. They receive an American confirmation number and are redirected to American for any further customer service. Skiplagged has made a killing in recent years by utilizing this Trojan Horse model, popularizing the practice now dubbed "skiplagging" in common parlance.

For obvious reasons, airlines like American don't like this. And Skiplagged knows it. So Skiplagged coaches its customers on what to say when a suspicious gate agent inquires about their travel plans, for example, by providing packing tips like "only bring a carry-on bag" (since checked luggage arrives at the final destination listed on the ticket). If a passenger is forced to check their bags, Skiplagged provides tips for what to tell the airline to insist their bag be removed from the plane. Seems a little shady, right?

The airlines certainly think so, as Skiplagged has faced a slew of lawsuits related to its business model since 2014. Following suit behind other industry giants United and Southwest, American sued Skiplagged in August 2023 for trademark and copyright infringement, breach of contract, tortious interference with contract, and unfair competition. After multiple discovery disputes, Skiplagged moved for summary judgment on July 1, 2024. American filed a cross-motion for partial summary judgment as to most claims, and reserved the issues of damages, fees, and injunctive relief for trial.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" if it would affect the case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

25-10703.3820

When determining whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovant. *See First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). In conducting its evaluation, the Court may rely on any admissible evidence of record, but it need only consider those materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3). And the Court need not mine the record to find evidence to support the non-movant; the burden falls on the movant to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

### I.   Skiplagged is entitled to summary judgment on American's claim for breach of contract.

Both Parties seek summary judgment on American's claim that Skiplagged breached the airline's user agreement. *See* ECF Nos. 151 at 12; 172 at 33. Skiplagged wins the day.

Under Texas law, a claim for breach of contract requires: (1) the existence of a valid contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages sustained by the plaintiff because of the defendant's breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Lloyd Walterscheid & Walterscheid Farms, LLC v. Walterscheid*, 557 S.W.3d 245, 258 (Tex. App.—Fort Worth 2018, no pet.). "[A] breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). The statute of limitations on such an action is four years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(1).

American argues that its claim is timely because Skiplagged breaches the agreement every time a customer uses its platform to buy a ticket. *See* ECF No. 172 at 43. Skiplagged says it isn't, because the website's user agreement is not the type of contract that can suffer a serial breach and reset the limitations period. *See* ECF No. 195 at 32–33. Skiplagged is right.

Generally, a contract is not breached until a wrongful act occurs. *Jones v. Blume*, 196 S.W.3d 440, 446 (Tex. App.–Dallas 2006, pet.

25-10703.3821

denied). And the claim "accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Id.* (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). But Texas recognizes certain instances where discreet independent breaches reset the limitations period. *See Sheet Pile, LLC v. Plymouth Tube Co. USA*, 98 F.4th 161, 168 (5th Cir. 2024) (citing *Garden Ridge, L.P. v. Clear Lake Ctr., L.P.*, 504 S.W.3d 428, 447 (Tex. App.–Houston [14th Dist.] 2016, no pet.)) (collecting examples). Those circumstances involve multiple breaches under one contract, like multiple failures to pay under a lease agreement or missed periodic payments under an installment contract. *Id.*

This case is different. American's user agreement is a contract every user enters any and every time they use American's website to engage in a discreet transaction. *See* ECF No. 174-4 at 274 ("American Airlines provides the Site solely to permit you to determine the availability of goods and services offered . . . and to make legitimate reservations or otherwise transact business with American Airlines, and for no other purposes."). So every time a user enters the website, a new user agreement is effectively executed. *See id.* at 273 ("American Airlines reserves the right to change this Agreement . . . therefore you should periodically visit this page when you use the Site to review the then current Agreement that binds you."). Thus, one entry into the site does not create a periodic obligation on the user such that multiple breaches (illegitimate reservations, for example) would violate the *same* agreement. *See id.* A user who breaches the agreement by making multiple illegitimate reservations would therefore breach multiple contracts, they would not breach one contract multiple times.

Accordingly, this is not an agreement that lends itself to a "serial breach" liability theory. *See generally Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593 & n. 45 (5th Cir. 2017) (distinguishing serial breach arguments and noting the relevant breach "occurred once, at origination," despite colorable arguments that subsequent breaches had occurred). So, the statute of limitations for American's claim began to run when it first gained knowledge of Skiplagged's conduct. *Jones*, 196

25-10703.3822

S.W.3d at 446. And the summary judgment record shows American's education regarding Skiplagged came well beyond the applicable limitations period.

The evidence of record clearly indicates that American knew of the Skiplagged "problem" as early as 2016. *See* ECF No. 171 at 43 (email stating American had been "dealing with this for over a year" to the question: "Do any of us manage Skiplagged?"); *see also id.* ("Frequently encountering customers booking tickets on a 3rd party website called Skiplagged, which looks for the cheapest route possible but will include an international ending destination . . . even though customer isn't traveling [sic] internatio[nal]."). Indeed, by 2019, American was brainstorming new policies to deter hidden-city passengers, like charging extra fees to deliver checked bags to the "hidden city." *See* ECF No. 174-6 at 190. And those are just the high-level internal records: summary judgment evidence shows American's rank-and-file employees were reporting problematic "skiplagging" well before the higher-ups took action. *See id.*

Thus, American had the requisite knowledge of Skiplagged's wrongful conduct by at least 2016. So, they had four years from that point to figure out whether Skiplagged's conduct constituted a breach of contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4). Yet they didn't assert their breach claim until filing this lawsuit in 2023. *See* ECF No. 1. Accordingly, although the Court is certainly disturbed by Skiplagged's questionable business practices, the statute of limitations has run, so the Court must **GRANT** Skiplagged's Motion (ECF No. 150) and **DENY** American's Motion (ECF No. 154) on this claim. *See Plymouth Tube Co.*, 98 F.4th at 168–69. For the same reasons, the Court **GRANTS** Skiplagged's Motion for American's claim for breach of its conditions of carriage (another breach-of-contract claim) and American's claim for tortious interference with the same. *See Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 776 (Tex. App.–Dallas 2005, pet. denied) (noting the statute of limitations for tortious interference with contract is two years).

25-10703.3823

## II.     American is entitled to summary judgment on its claim for copyright infringement.

Unlike breach of contract, a single act of copyright infringement can reset the three-year limitations period for bringing a claim. *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 271 (5th Cir. 2020). Because American has furnished evidence that Skiplagged was using American's flight symbol on its platform as late as August 2023, *see* ECF No. 174-2, American's claim for copyright infringement is timely. *See id.*

To establish a claim for copyright infringement, a plaintiff must show: (1) they owned a valid copyright, (2) the defendant copied the plaintiff's work, and (3) a substantial similarity between the copyrighted work and the copied work. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007). American says it's entitled to summary judgment because Skiplagged copied American's flight symbol on its website and used the symbol for commercial purposes. ECF No. 172 at 31. Skiplagged disagrees, arguing that (1) American doesn't own the copyright to the flight symbol; (2) American cannot prove Skiplagged copied the symbol; and (3) in any event, Skiplagged is entitled to the affirmative defense of fair use. ECF No. 170 at 24–27. American wins.

*First*, "a certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *see also* 17 U.S.C. § 410(c). True, as Skiplagged notes, a certificate only creates a rebuttal presumption, and is not dispositive a priori. *See Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 49 (5th Cir. 1995). But the evidence of record here more than suffices for the Court to conclude American owns the copyright to its own flight symbol. *See* ECF No. 174-4 at 7–8.

*Second*, the Court concludes that Skiplagged copied American's flight symbol because the symbol on its website is identical. *See Batiste v. Lewis*, 976 F.3d 493, 503–05 (5th Cir. 2020) (holding that a court may find that a defendant factually copied a plaintiff's work based on a combination of access and substantial similarity between the two).

25-10703.3824

Skiplagged makes much clamor over American's failure to produce the official copyright deposit, which they say prohibits the Court from assessing the similarity between the flight symbol and the symbol on Skiplagged's website. *See* ECF No. 195 at 27–28; *King v. Ames*, 179 F.3d 370, 375–76 (5th Cir. 1999). But the Court doesn't need it. *See* FED. R. EVID. 201(b)(2) (the Court may take judicial notice of adjudicative facts not subject to reasonable dispute because they can be readily determined from a source whose accuracy cannot be questioned). Because American's flight symbol is ubiquitous and is an adjudicative fact, the Court finds that American's copyright registration, ECF No. 174-4 at 7–8, suffices—particularly when coupled with other evidence in the summary judgment record. For instance, the Copyright Office documents cited in American's response, *see* ECF No. 196 at 39, portray an identical, stylized image by the same title.

The Court understands that sometimes you have to make the best argument you can, so it does not fault Skiplagged for this argument. Nevertheless, Skiplagged's counsel had to know this argument was a long shot, with about as much likelihood of success as challenging Nike's swoosh or Coca Cola's cursive. Because the Certificate describes the flight symbol, and because the flight symbol is known beyond reasonable dispute, the Court does not hesitate to conclude the images used throughout American's brief are in fact its flight symbol. *See MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) (citing FED. R. EVID. 201(b)). Accordingly, the Court can compare the flight symbol cited in American's briefs to the symbol used on Skiplagged's website. *See King*, 179 F.3d at 375–76. And to the surprise of nobody, the images are exactly the same—as Skiplagged purchased *American's* own tickets from *American's* own website.

Having found no genuine dispute exists regarding the essential elements of American's claim, the Court now turns to Skiplagged's asserted defense. Simply put, Skiplagged says "[American's] infringement claim is barred by the defense of fair use." ECF No. 151 at 26. Although "fair use" defies easy definition, "a frequently quoted definition of fair use is 'a privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner

7

without his consent, notwithstanding the monopoly granted to the owner (by the copyright).'" *Triangle Publ'ns, Inc. v. Knight-Rider Newspapers, Inc.*, 626 F.2d 1171, 1174 (5th Cir. 1980) (quoting *Rosemont Enters., Inc. v. Random House, Inc.*, 366 F.2d 303, 306 (2d Cir. 1966)). Afterall, as Skiplagged sees things, American still profited from the relevant ticket sales, Skiplagged just made a quick buck in the process. *See* ECF No. 151 at 28. The Court is unsure which is more impressive: the intuitive appeal of Skiplagged's argument or the charlatan's logic behind it. In any event, the argument misses the mark.

While Skiplagged extensively briefs factors traditionally associated with the fair-use analysis, *see id.* at 26–28, the Court need not progress its analysis that far. As noted in American's response briefing, "[b]ecause an airline ticket is a contract of carriage, *only* an authorized agent of American can enter into these contracts with customers." ECF No. 187 at 29. And "*Skiplagged is not authorized by AA to offer flights to anyone, period.*" *Id.* at 30. Moreover, despite Skiplagged's PR campaign to the contrary, the Court disagrees that Skiplagged is effectively a "comparative advertising enterprise" that merely transacts in "information" regarding American's flight schedules. *See* ECF No. 151 at 28. The list of comparable cases in American's briefing obviates any need for further analysis on this point: it is patently *not* fair use to resale another entity's tickets, while brandishing *their* logo and directing consumers to *their* information. *See* ECF No. 187 at 30–31.

Finally, Skiplagged leans on the fact that American benefited from sales transactions despite Skiplagged's use of the copyrighted mark. *See* ECF No. 151 at 28. As such, "there was no palming off or confusion of the goods." *Id.* Like its other arguments, this contention fails to sway the summary-judgment analysis. Skiplagged's primary appeal to consumers lies in the cheaper airfare obtainable via the platform's transactional hat-trick. Put differently, Skiplagged's primary appeal to consumers is that, *through Skiplagged*, they can avoid paying American more. Courts have routinely rejected a fair-use defense under similar circumstances, "[e]ven though the use to which [the infringer] put [the copyrighted] works is not harmful per se." *Veeck v. S. Bldg. Code Congress Intern., Inc.*, 241 F.3d 398, 410 (5th Cir. 2001). The relevant

25-10703.3826

inquiry is whether the infringement would "severely undermine" the commercial value of the infringed property. *Id.* And it is beyond dispute that Skiplagged significantly undermined American's profitability— even if American still profited and consumers were more the merrier.

Having concluded that American establishes its claim for copyright infringement and that Skiplagged's use was not fair, the Court **DENIES** Skiplagged's Motion (ECF No. 150) for this claim and **GRANTS** American's Motion. ECF No. 154.

## III.    Summary judgment is improper on American's claims for trademark infringement and unfair competition.

Turning next to American's claim for trademark infringement, a plaintiff asserting infringement under the Lanham Act must show (1) ownership of a legally protectable mark and (2) a likelihood of confusion created by an infringing mark. *All. for Good Gov't v. Coal. for Better Gov't*, 901 F.3d 498, 505 (5th Cir. 2018).

The main fact issue for this claim is whether Skiplagged is entitled to raise the laches defense. *See* ECF No. 195 at 16. American says the laches defense is unavailable because Skiplagged has intentionally infringed their trademark, giving Skiplagged unclean hands. ECF No. 196 at 21–22; *see generally Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) ("A laches defense cannot be asserted by a party with unclean hands because it is equitable.") (citation omitted). In response, the Parties brief diverging precedents regarding the applicability of laches to legal as well as equitable claims. *See, e.g.*, ECF No. 182 at 41– 42. In any event, the Court need not address these wrinkles because fact issues preclude summary judgment vis-à-vis the laches defense.

To successfully assert laches, a defendant must show (1) the plaintiff delayed in asserting its trademark rights, (2) the plaintiff had no excuse for the delay, and (3) the defendant relayed on plaintiff's delay and would be prejudiced by untimely enforcement of the relevant rights. *Rolex Watch USA, Inc. v. Beckertime, LLC*, 96 F.4th 715, 723 (5th Cir. 2024). In the Fifth Circuit, undue prejudice exists where a defendant relied on a plaintiff's non-enforcement when making significant

25-10703.3827

business decisions or otherwise expanding its brand. *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 295, (5th Cir. 2015).

Skiplagged asserts laches for the same reason the Court granted it judgment on American's breach of contract and tortious interference claims. *See* ECF No. 170 at 14. Namely, that American knew about Skiplagged's business conduct as early as 2016 and has no excuse for its delay in filing suit. *Id.* American responds that it delayed bringing suit because it initially didn't "understand the scope or specific mechanisms of Skiplagged's infringement, and because it was looking for other, non-litigious ways to address Skiplagged's infringing activities." ECF No. 196 at 21. American says Skiplagged's litigation history demonstrates that it's infringing conduct was intentional, and that it is unreasonable to think American would unreasonably delay litigation because other, authorized licensees of American were consistently objecting to Skiplagged's conduct. *Id.*

For all the Parties' briefing on the applicability of laches, the briefs only succeed in highlighting controlling questions of law that preclude summary judgment. Summary judgment is proper only where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Here, there are genuine factual disputes regarding, at minimum, Skiplagged's defense (namely, the excusability of American's delay and the alleged prejudice to Skiplagged), as well as the intentionality of its infringing conduct. *See Abraham*, 708 F.3d at 624–26. And even before that, there's a preliminary issue regarding the *timing* of Skiplagged's allegedly unclean hands. *See Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 150 (5th Cir. 1985) ("The critical issue is whether [the infringer] was an intentional infringer and therefore lacked the clean hands necessary to assert . . . laches . . . To foreclose the laches [] defense[], the plaintiff must offer something more than mere objective evidence to demonstrate that the defendant employed the allegedly infringing mark with the wrongful intent of capitalizing on its goodwill."). The order matters: if Skiplagged's hands were unclean, they had to be unclean *at the time of the alleged infringement*. Otherwise, if laches can ultimately be asserted, the defense may provide a safe harbor against Lanham Act

10

liability. As these issues are best reserved for the jury as trier of fact, the Court **DENIES** both Parties' Motions with respect to American's trademark infringement claim.

## CONCLUSION

Abraham Lincoln observed "[w]hat kills a skunk is the publicity it gives itself." GREAT QUOTES FROM GREAT LEADERS 21 (compiled by Peggy Anderson 1990). Here, American got wind of Skiplagged's stinky business practices, but it waited a little too long to extinguish the stench via certain claims. Fortunately for American, those are not the only tools at its disposal.

As explained herein, the Court **GRANTS** Skiplagged's Motion for Summary Judgment (ECF No. 150) **only** as to American's claims for breach of contract, breach of its conditions of carriage, and tortious interference with said conditions of carriage. In addition, the Court **GRANTS** American's Cross-Motion for Partial Summary Judgment (ECF No. 154) **only** as to its claim for copyright infringement. The Court **DENIES** both Motions in all other respects.

**SO ORDERED** on this **31st day** of **July 2024.**

*Mark T. Pittman*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

11

Tab 5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN AIRLINES INC.,**

Plaintiff,

v.                                                    **No. 4:23-cv-00860-P**

**SKIPLAGGED, INC.,**

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Skiplagged, Inc.'s ("Skiplagged")
Motion for Judgment Under Federal Rule of Civil Procedure 50(b) and
in Support of Its Equitable Defenses (ECF No. 333) and Plaintiff
American Airlines Inc.'s ("American") Motion for Entry of Judgment,
Judgment as a Matter of Law, Findings on Equitable Issues,
Reconsideration, or, Alternatively, for New Trial (ECF No. 336). For the
Reasons set out below, the Court will **GRANT** both Motions in part and
**DENY** them in part.

## BACKGROUND

American initiated this lawsuit on August 17, 2023, raising claims
against Skiplagged for breach of contract, tortious interference,
copyright infringement, and trademark infringement. ECF Nos. 1, 8. On
July 31, 2024, the Court entered an order granting in part and denying
in part the Parties' respective Motions for Summary Judgment. ECF No.
199. Specifically, the Court granted summary judgment in American's
favor on its copyright infringement claim and in Skiplagged's favor on
American's claims for breach of contract, breach of its conditions of
carriage, and tortious interference. *Id.* Thus, on October 7, 2024, the
Parties went to trial on the appropriate damages for Skiplagged's
copyright infringement and American's trademark infringement claim.
*See* ECF No. 309. On October 15, 2025, the jury returned a verdict
finding: (1) Skiplagged to be liable in the amounts of $19 million in

25-10703.8544

actual damages and $4.7 million in disgorgement damages on the Copyright claim; (2) that American failed to mitigate its copyright infringement damages in the amount of $14.3 million; (3) Skiplagged infringed American's trademarks; and (4) that the trademark infringement was a nominative fair use. ECF No. 316. Subsequently, the Parties filed their post-trial motions, which have been briefed and are ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 50 governs motions for judgment as a matter of law ("JMOL") in jury trials. *See* FED. R. CIV. P. 50; *see also Weisgram v. Marley Co.*, 528 U.S. 440, 448–19 (2000). The court may enter JMOL at the close of trial "'[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *See James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (alteration in original) (quoting FED. R. CIV. P. 50(a)). "[Rule 50] allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" *Weisgram*, 528 U.S. at 448 (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2521, at 240 (2d ed. 1995)). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED. R. CIV. P. 50(b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150 (2000). "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inference from the facts are jury functions, not those of a judge." *Id.* at 150–51 (quotation marks omitted). "Thus, although the court should review the record as a whole, it must

25-10703.8545

disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

Further, the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). Under Rule 54(b), a district court may reconsider and reverse a prior interlocutory order. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). The Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336. "The district court's discretion in this respect is broad." *Brown v. Wichita Cnty.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

Nevertheless, Rule 54(b) motions for reconsideration "have a narrow purpose" and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos v. Grammar*, No. 3:14-CV-2424-D, 2016 WL 5942225, at *2 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). And the Court's broad discretion under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, No. 3:9-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (Godbey, J.).

## ANALYSIS

The Parties raise numerous arguments regarding American's copyright and trademark claims. ECF No. 334, 336. With regard to the trademark claim, Skiplagged argues that the Court should uphold the jury's finding of fair use. ECF No. 334 at 3–4. In contrast, American argues that the Court should invalidate the Jury's finding and enter

judgment as a matter of law in its favor. *See* ECF No. 336 at 1. Regarding American's copyright claim, Skiplagged asserts that the Court should enter a take nothing judgment because: (1) American failed to sufficiently prove their damages; and (2) the Court should find in favor of their equitable defenses. ECF No. 334 at 4–23. On the other side, American claims that the Court should: (1) award American all of the damages found by the Jury; (2) throw out the Jury's mitigation finding; (3) give American its interests and costs; and (4) enter a permanent injunction. ECF No. 336 at 8–20. Additionally, American moves the Court to reconsider its granting of summary judgment with regard to its contract claims. *Id.* at 21–24. The Court will begin with the Parties' arguments regarding the contract claims before turning to the trademark claim and finishing with the copyright claim.

## A. Contractual Claims

American asserts that the Court should reconsider its order dismissing its contractual claims due to the applicable statute of limitations. ECF No. 336 at 21–24. As Skiplagged points out in its Response, motions for reconsideration are an extraordinary remedy that should be used sparingly and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos*, 2016 WL 5942225, at *2. American's argument that the Court should reconsider its previous order on its contractual claims presents no new evidence or argument. *See* ECF No. 336 at 21–24. Consequently, the Court declines to reconsider its previous order and, thus, American's Motion is **DENIED** as to this issue.

## B. Trademark Claim

Skiplagged, in its Motion, asks the Court to enter judgment in their favor on American's trademark claim based on the Jury's finding of nominative fair use. ECF No. 334 at 2–3. American argues that the Court should throw out the Jury's fair use finding and enter judgment in their favor of the trademark claim. ECF No. 336 at 8–19. Having considered the Parties' arguments, applicable law, and relevant evidence, the Court declines to usurp the fact-finding role of the Jury

25-10703.8547

and finds that there is sufficient evidence to support the Jury's fair-use finding.[1] Therefore, Skiplagged's Motion is **GRANTED** and American's Motion is **DENIED** as to this issue.

## C. Copyright Claim

Finally, the Court turns to the Parties' respective arguments on American's copyright claim. The Jury awarded American $ 19 million in actual damages and $4.7 million in disgorgement damages. ECF No. 316 at 10–11. Additionally, the Jury found that American failed to mitigate those damages in the amount of $14.3 million. *Id.* at 10. American argues that the Court should uphold the Jury's damage finding, throw out the Jury's mitigation finding, grant them pre- and post-judgment interests and cost, and grant a permanent injunction. ECF No. 334 at 3–8. Skiplagged claims that the Court should throw out the damages awarded to American, uphold the mitigation finding, deny interest and costs, and deny American's request for an injunction. ECF Nos. 334 at 4–18; 338 at 1–7, 19–22. The Court will address each in turn.

### 1. Damages

The Court begins with the Parties' arguments regarding the Jury's damages findings. Throughout the trial, and at the charge conference, the Parties presented these same arguments regarding American's presentation of its damages, whether a mitigation question should be presented to the Jury, and whether Skiplagged's affirmative defenses prevent recovery. The Court has previously ruled on these arguments and declines to reconsider those rulings here. Therefore, American's Motion is **GRANTED** with regard to entering judgment on the Jury's $23.7 million award; and Skiplagged's Motion is **GRANTED** with regard to entering judgment on the Jury's $14.3 million mitigation finding. Accordingly, the Court will enter judgment, consistent with the

---

[1]"Because of the deference due the jury's factual findings, all reasonable efforts should be made to uphold its verdict." *Veach v. State Farm Lloyds*, No. 3:19-CV-02312-BT, 2022 WL 1651951, at *5 (N.D. Tex. May 23, 2022) (Rutherford, J.) (citing *Evans v. H.C. Watkins Memorial Hosp., Inc.*, 778 F.2d 1021, 1022 (5th Cir. 1985) (citation omitted)).

25-10703.8548

Jury's verdict, in American's favor in the amount of $9.4 million ($23.7 million - $14.3 million).

## 2. Interest and Costs

Next, American moves the Court to grant them pre- and post-judgment interest as well as costs. *See* ECF No. 336 at 5–6. In response, Skiplagged asserts that the Court should deny American's Motion for pre-judgment interests and costs because granting pre-judgment interest and cost in this case is not appropriate based on the outcome at trial and doing so would not further the congressional policies of the Copyright Act. ECF No. 338 at 20. It is undisputed that American is entitled to post-judgment interest, thus the Court's analysis focuses only on their motion for pre-judgment interest and costs.

Federal courts perform a two-step analysis in determining whether pre-judgment interest should be awarded: (1) does the federal act creating the cause of action preclude an award of pre-judgment interest; and if not, (2) does an award of pre-judgment interest further the congressional policies of the federal act. *Powell v. Penhollow*, No. 3:04-CV-1744-BF(H), 2009 WL 10703687, at *3 (N.D. Tex. May 20, 2009) (citing *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994)). If the two-prong test reveals that the court can award pre-judgment interest, the decision whether to award the interest in a particular case is within the court's discretion. *Id.* (citing *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 392 (5th Cir. 1989)). In this case, the Fifth Circuit Court of Appeals has held that the Copyright Act does not preclude pre-judgment interest and has left undecided the second question, whether an award of prejudgment interest would further the congressional policies behind the Copyright Act. *Carpenters*, 15 F.3d at 1288. It is also undisputed that granting pre-judgment interests furthers Congress's intent behind the Copyright Act. Thus, whether to award pre-judgment interest based upon the facts in this case rests in this Court's discretion and is reviewed for abuse of discretion. *Powell v. Penhollow*, 260 F. App'x 683, 691 (5th Cir. 2007). Having reviewed the record in this case, including the trial transcript, the Court finds it appropriate to award pre-judgment

25-10703.8549

interest and costs in this case. Consequently, American's Motion is **GRANTED** as to this issue.

　3.　Permanent Injunction

　Finally, American moves the Court to grant a permanent injunction, preventing Skiplagged from infringing its copyright in the future. ECF No. 336 at 6–8. American claims that the injunction is appropriate even though Skiplagged removed the copyright prior to trial because "Skiplagged can infringe again with a few key strokes." *Id*. at 8. The Court agrees. Thus, American's Motion for Permanent Injunction on its Copyright is **GRANTED** as to this issue and Skiplagged's Motion is **DENIED**. Therefore, it is **ORDERED** that Skiplagged is hereby permanently enjoined from displaying American's copyrights on its website.

## CONCLUSION

Based on the forgoing, it is **ORDERED** that American's Motion is **GRANTED** as to entering judgment on the Jury's damages finding, its motion for pre-judgement interest and costs, and its motion for permanent injunction; and **DENIED** as to all other issues. Skiplagged's Motion is **GRANTED** as to the upholding of the Jury's findings of fair use and failure to mitigate and **DENIED** as to all other issues. It is further **ORDERED** that American shall submit its application for interest and costs on or before May 20, 2025, and Skiplagged's Response, if any, shall be filed on or before May 27, 2025.

　**SO ORDERED** on this **6th day of May 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

25-10703.8550

Tab 6

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

**AMERICAN AIRLINES INC.,**

    Plaintiff,

v.                                    **No. 4:23-cv-00860-P**

**SKIPLAGGED, INC.,**

    Defendant.

## FINAL JUDGMENT

Based on the findings of the jury, the pleadings, other docket filings, including the Court's Memorandum Opinion & Order, and Federal Rule of Civil Procedure 58, the Court **ORDERS**:

1. Skiplagged, Inc. (Skiplagged) pays $9.4 million in damages to American Airlines, Inc. (American). ECF No. 345;

2. Skiplagged pays interests and costs to American, in accordance with the Court's order entered on June 16, 2025. ECF No. 353;

3. Skiplagged is permanently enjoined from displaying American's copyrights on its website. ECF No. 345;

4. American's False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a) claim is **DISMISSED without prejudice**, in accordance with the Court's order entered on October 4, 2024. ECF No. 303.

**SO ORDERED** on this **16th day of June 2025.**

_Mark T. Pittman_

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

Tab 7

Jury Note #1

**4:23-cv-860-p**

Is there a statue of limitations on copywright
and trademark infringement?
If so, what is the time period and when
does the time start?

10/11/2024



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 1 2024

CLERK, U.S. DISTRICT COURT
By_____
Deputy

Tab 8

**Nationwide Survey of Published Nominative Fair Use Circuit Decisions**

| Cir. | Case | Trademarks Used | Logo mark used? | Nominative Fair Use | Procedural Posture |
|------|------|-----------------|-----------------|---------------------|--------------------|
| **1st** | *Univ. Commc'ns. Sys., Inc. v. Lycos, Inc.* 478 F.3d 413 (1st Cir. 2007) | "UCSY" | No | Yes<br><br>A message board host used the "trade name" and "stock ticker" "UCSY" as the name for a financial message board discussing Plaintiff, UCSY | Motion to Dismiss<br><br>Affirmed |
| | *Swarovski Aktiengesellschaft v. Building No. 19, Inc.*, 704 F.3d 44 (1st Cir. 2013) | "Swarovski" | No | Undetermined<br><br>District Court ruled No: font and size of "Swarovski" in re-selling ad was too much<br><br>CA1 clarified standard, vacated, and remanded | Preliminary Injunction<br><br>Vacated and remanded for further findings |
| **2nd** | *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010) | "Tiffany" | No | Yes<br><br>eBay/reseller site used "Tiffany" to describe jewelry sold on eBay<br><br>eBay took anti-counterfeiting measures and allowed Tiffany to list an "About Me" page with a bold-face disclaimer | Bench Trial<br><br>Affirmed |
| | *Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*, 823 F.3d 153 (2d Cir. 2016) | "CISSP" | No | Undetermined<br><br>District Court ruled Yes<br><br>CA2 clarified standard, vacated and remanded | Summary Judgment<br><br>Vacated and remanded for further findings |

**Nationwide Survey of Published Nominative Fair Use Circuit Decisions**

| Cir. | Case | Trademarks Used | Logo mark used? | Nominative Fair Use | Procedural Posture |
|---|---|---|---|---|---|
| **3rd** | *Century 21 Real Est. Corp. v. Lendingtree, Inc.*, 425 F.3d 211 (3d Cir. 2005) | "Century 21" | No | Undetermined<br><br>District Court ruled No<br><br>CA3 clarified standard and remanded | Preliminary Injunction<br><br>Vacated and remanded for further findings |
| **4th** | *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144 (4th Cir. 2012) | "Rosetta Stone" | No | Undetermined<br><br>District Court found infringement<br><br>CA4 vacated and remanded | Summary Judgment<br><br>Vacated and remanded for further findings |
| **5th** | *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526 (5th Cir. 1998) | Golf course names and logos, including lighthouse and "Pebble Beach," "Pinehurst," and "Harbour Town" | Yes | No<br><br>Defendant used word marks and logos repeatedly and prominently and only sometimes provided disclaimers that were insufficient to overcome actual confusion | Bench Trial, Permanent Injunction<br><br>Affirmed/Injunction modified |
| | *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477 (5th Cir. 2004) | "Kirby" | No | Yes<br><br>Reseller with pre-authorization to sell other Kirby products used "Kirby" in one ad | Summary Judgment<br><br>Affirmed |
| | *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465 (5th Cir. 2008) | Universities' designs, indicia, and similar logos | Yes | No<br><br>Apparel company used universities' "color schemes," "similar logos" and "designs," and other "identifying indicia" on shirts | Summary Judgment<br><br>Affirmed |

2

**Nationwide Survey of Published Nominative Fair Use Circuit Decisions**

| Cir. | Case | Trademarks Used | Logo mark used? | Nominative Fair Use | Procedural Posture |
|---|---|---|---|---|---|
| | *Trail Chevrolet, Inc. v. Gen. Motors Corp.*, 381 F.2d 353, 354 (5th Cir. 1967) | 'Chevrolet', and "distinctive" 'Chevrolet' | No | No<br><br>Reseller's use of distinctive 'Chevrolet' in advertising and display signs was likely to deceive the public into believe it was "dealing with one of GM's authorized dealers"<br><br>But resellers could use the word 'Chevrolet' to advertise that they sell used Chevrolets or repair them | Summary Judgment<br><br>Affirmed, permanent injunction modified |
| 6th | *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243 (6th Cir. 2003), abrogated by *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004) | "Peterbilt" and "Kenworth" | No | No<br><br>Defendant used Plaintiff's word marks in domain names and in the wallpaper of its websites, including in stylized and distinctive fonts<br><br>Express disclaimer insufficient | Preliminary Injunction<br><br>Affirmed as to use in domain names, vacated as to use in metatags (which district court had not addressed) |
| 9th | *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302 (9th Cir. 1992) | "New Kids" | No | Yes<br><br>Newspapers polled readers on their favorite "New Kid" | Summary Judgment |

3

**Nationwide Survey of Published Nominative Fair Use Circuit Decisions**

| Cir. | Case | Trademarks Used | Logo mark used? | Nominative Fair Use | Procedural Posture |
|---|---|---|---|---|---|
| | *Playboy Enter., Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002) | "Playboy", "Playmate", "Playmate of the Year", and stylized "PMOY '81" | No | Yes, except as to stylized "PMOY '81"<br><br>Former Playboy/Playmate of the Year used word marks and stylized "PMOY '81" on his website; Express disclaimer added after suit began | Summary Judgment<br><br>Affirmed, except as to "PMOY '81," which court remanded |
| | *Horphag Rsch. Ltd. v. Pellegrini*, 337 F.3d 1036 (9th Cir. 2003) | "Pycnogenol" | No | No<br><br>Competitor/Defendant used "Pycnogenol"—Plaintiffs' trademark for pine bark extract—as a metatag in "attempt to appropriate the cachet of the trademark . . . to his product" | Motion for Judgment as a Matter of Law following a four-day jury trial<br><br>Affirmed |
| | *Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350, 352 (9th Cir. 1969) | "Volkswagen" (and "VW") | No | Yes<br><br>Repair shop used word marks, not the "encircled 'VW' emblem," and included "prominent use of the word 'independent' whenever 'Volkswagen' or 'VW' appeared" | Bench Trial<br><br>Affirmed |

4

**Nationwide Survey of Published Nominative Fair Use Circuit Decisions**

| Cir. | Case | Trademarks Used | Logo mark used? | Nominative Fair Use | Procedural Posture |
|------|------|-----------------|-----------------|---------------------|--------------------|
| | *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010) | "Lexus" | Initially | Undetermined<br><br>District Court ruled No; CA9 clarified standard and vacated<br><br>Defendants used "Lexus" in domain names and displayed logo on website. Defendants removed logos and added express disclaimer post-suit; Toyota only sought an injunction | Bench Trial, Permanent Injunction<br><br>Vacated and remanded |
| | *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829 (9th Cir. 2014) | "Hendrix", "Jimi Hendrix", Jimi Hendrix's signature, and logos incorporating his headshot | Yes | No<br><br>Pitsicalis used "Hendrix" in his domain names | Partial Summary Judgment on trademark claims and nominative fair use<br><br>Affirmed |
| | *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884 (9th Cir. 2019) | "EquityComp" and "Applied Underwriters" | No | Yes | Motion to Dismiss<br><br>Affirmed |
| **D.C.** | *Am. Soc'y for Testing & Materials, et al. v. Public.Resource.Org, Inc.*, 896 F.3d 437 (D.C. Cir. 2018) | Numerous, "including the 'ASTM word mark,' the ASTM INTERNATIONAL word mark,' and two stylized ASTM logos" | Yes | Undetermined<br><br>District Court ruled No; D.C. Cir. believed logos were too much. D.C. Cir. clarified standard and remanded | Partial Summary Judgment<br><br>Vacated and Remanded |