**Case No. 25-10703**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### AMERICAN AIRLINES, INCORPORATED,

**Plaintiff – Appellant/Cross-Appellee,**

**v.**

### SKIPLAGGED, INCORPORATED,

**Defendant – Appellee/Cross-Appellant.**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

### APPELLANT'S RESPONSE TO THE COURT'S
### FEBRUARY 18, 2026 ORDER

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Comes now, Appellant/Cross-Appellee, American Airlines, Incorporated ("American"), and files this response to the Court's February 18, 2026 Order.

### I.    Background

American filed its Brief of Appellant on November 24, 2025. American also filed an Unopposed Motion for Temporary Seal of its Brief of Appellant on November 24, 2025. Therein, American represented that it "does not believe that its Brief discloses any material that warrants redaction." [American Motion for

Temporary Seal at 2]. But American nonetheless requested a temporary seal to afford Appellee Skiplagged, Inc. ("Skiplagged") "an opportunity to review American's Brief to (i) assess whether it believes any redactions are warranted and (ii) provide its position to this Court." [*Id.*]. Skiplagged did not file a response. On December 2, 2025, the Court granted American's Motion for Temporary Seal but did not direct Skiplagged to provide a response. [Dec. 2, 2025 Order].

Skiplagged filed its Brief of Appellee/Cross-Appellant on February 9, 2026. Skiplagged also filed an Unopposed Motion for Temporary Seal of its Brief of Appellee/Cross-Appellant on February 9, 2026. Therein, Skiplagged did not request any sealing. [Skiplagged Mot. for Temporary Seal at 3 ("If, after review, American does not request redactions, Skiplagged will re-file its Brief publicly.")]. Like American, Skiplagged instead requested a temporary seal "so that American may review Skiplagged's brief and submit its position as to whether any portion of Skiplagged's Brief warrants redaction." *Id.*

On February 18, 2026, the Court directed American to submit its position "as to why [Skiplagged's briefs] should not be unsealed." [*See* Feb. 18, 2026 Order]. The Court did not direct Skiplagged to similarly provide a response as to why American's Brief of Appellant should not be unsealed.

## II.    Discussion and Response

After review, American does not believe that any portion of Skiplagged's briefs—its response brief or opening-brief as cross-appellant—warrants sealing. American thus does not argue that Skiplagged's briefs justify sealing.

But American believes that its Brief of Appellant should also be unsealed. [*See* American Mot. for Temporary Seal at 2].  However, because Skiplagged has not filed a response—and because the Court granted American's Motion without directing a response—American's Brief of Appellant remains sealed.  American respectfully submits that the Court should direct Skiplagged to provide a response. Contemporaneously with this filing, American has filed a Motion to Clarify the Court's December 2, 2025 order to achieve a consistent ruling directing Skiplagged to file a response as to why American's opening brief should not be unsealed.

After Skiplagged files a response and the Court resolves the sealing issues, American requests that the Court direct both parties to refile their briefs publicly on the same date.

Respectfully submitted,

*/s/ Caitlyn Hubbard*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
**Greenberg Traurig LLP**
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-6590

**ATTORNEYS FOR APPELLANT
AMERICAN AIRLINES,
INCORPORATED**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2026, an electronic copy of the foregoing response was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system to all counsel of record.

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard

## CERTIFICATE OF COMPLIANCE

1.  This response complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 435 words, as determined by the word-count function of Microsoft Word 365.

2.  This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type and style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word 365 in fourteen (14) point "Times New Roman" style font.

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that, in the foregoing response filed using the Fifth Circuit CM/ECF document filing system, (1) the privacy redactions required by the Fifth Circuit Rule 25.2.13 have been made, (2) the electronic submission is an exact copy of the paper document, and (3) the document has been scanned for viruses and is free of viruses.

*/s/ Caitlyn Hubbard*
Caitlyn E. Hubbard