# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**AMERICAN AIRLINES, INCORPORATED,**

> **Plaintiff – Appellant/Cross-Appellee,**

> **v.**

**SKIPLAGGED, INC.,**

> **Defendant – Appellee/Cross-Appellant.**

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

## UNOPPOSED MOTION TO CLARIFY DECEMBER 2, 2025 ORDER ON APPELLANT'S MOTION FOR TEMPORARY SEAL

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Comes now, Appellant/Cross-Appellee, American Airlines, Incorporated ("American"), and files this Motion to Clarify ("Motion") the Court's December 2, 2025 Order on Appellant's Motion for Temporary Seal. In support, American respectfully submits as follows:

# I.    Introduction

On December 2, 2025, the Court granted American's Motion for Temporary Seal of its opening brief of appellant.  [*See* Dec. 2, 2025 Order].  American does not believe that its brief justifies sealing—and American thus filed the Motion for Temporary Seal to allow Skiplagged to state its position.  [*See* American's Mot. for Temporary Seal].  But when the Court granted American's Motion, it did not direct Appellee Skiplagged, Inc. ("Skiplagged") to file a response stating its position as to why American's brief should not be unsealed.  [*Id.*].

American requests that the Court clarify its December 2, 2025 Order and direct Skiplagged to file a response stating its position as to why American's brief should not be unsealed.[1]  This is consistent with the Court's February 18, 2026 Order, which (a) granted Skiplagged's Motion for Temporary Seal of its response brief and opening brief of cross-appellee but (b) directed American to file a response—which American does today.[2]

---

[1] The clerk's office advised undersigned counsel that Skiplagged could no longer file a response to the December 2, 2026 order because the response would be untimely.  Accordingly, American files this motion to clarify asking the Court to direct and allow Skiplagged to respond.

[2] In a contemporaneously-filed response to the February 18, 2026 Order, American states that it does not believe that Skiplagged's brief merits sealing.

## II.     Background & Request

American filed its Brief of Appellant on November 24, 2025.  American also filed an Unopposed Motion for Temporary Seal of its Brief of Appellant on November 24, 2025.  Therein, American represented that it "does not believe that its Brief discloses any material that warrants redaction."   [American Mot. for Temporary Seal at 2].  But American nonetheless requested a temporary seal to afford Skiplagged "an opportunity to review American's Brief to (i) assess whether it believes any redactions are warranted and (ii) provide its position to this Court." *Id.*  On December 2, 2025, the Court granted American's Motion for Temporary Seal but did not direct Skiplagged to provide a response.   [*See* Dec. 2, 2025 Order].

Skiplagged filed its Brief of Appellee/Cross-Appellant on February 9, 2026. Skiplagged also filed an Unopposed Motion for Temporary Seal of its Brief of Appellee/Cross-Appellant on February 9, 2026.  Therein, Skiplagged did not request any sealing.  [Skiplagged Mot. for Temporary Seal at 3 ("If, after review, American does not request redactions, Skiplagged will re-file its Brief publicly.")].   Like American, Skiplagged instead requested a temporary seal "so that American may review Skiplagged's brief and submit its position as to whether any portion of Skiplagged's Brief warrants redaction." *Id.*

On February 18, 2026, the Court directed American to submit its position "as to why [Skiplagged's briefs] should not be unsealed."  [*See* Feb. 18, 2026 Order].

The Court did not direct Skiplagged to similarly provide a response as to why American's opening brief of appellant should not be unsealed.

For consistency—and because American does not believe that its opening brief should be sealed—American respectfully requests that the Court clarify its December 2, 2025 order and direct Skiplagged to file a response stating its position as to why American's opening brief should not be unsealed.

### III.   Prayer

American respectfully requests that the Court clarify its December 2, 2025 order and direct Skiplagged to file a response stating its position as to why American's opening brief should not be unsealed.

Respectfully submitted,

*/s/ Caitlyn E. Hubbard*

Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Caitlyn E. Hubbard
State Bar No. 24097853
caitlyn.hubbard@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
**Kelly Hart & Hallman LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
**Yetter Coleman LLP**
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

**ATTORNEYS FOR APPELLANT
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF CONFERENCE

On February 19, 2026, David Coale, counsel for Appellee, was contacted regarding this motion. Mr. Coale stated that Appellee is unopposed to this motion.

*/s/ Caitlyn Hubbard*
Caitlyn E. Hubbard

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2026, an electronic copy of the foregoing motion was filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system to all counsel of record.

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard

# CERTIFICATE OF COMPLIANCE

1.  This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 588 words, as determined by the word-count function of Microsoft Word 365.

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type and style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in fourteen (14) point "Times New Roman" style font.

*/s/ Caitlyn E. Hubbard*
Caitlyn E. Hubbard

# CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that, in the foregoing motion filed using the Fifth Circuit CM/ECF document filing system, (1) the privacy redactions required by the Fifth Circuit Rule 25.2.13 have been made, (2) the electronic submission is an exact copy of the paper document, and (3) the document has been scanned for viruses and is free of viruses.

*/s/ Caitlyn Hubbard*
Caitlyn E. Hubbard
